FEDER et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.  April 16, 1919.)

No. 205.

1. CRIMINAL LAW ⬳424(1)—EVIDENCE—STATEMENTS BY ONE DEFENDANT AFTER FAILURE OF CONSPIRACY.

In a prosecution of two defendants for conspiracy to defraud the United States, testimony of statements or admissions by one defendant, made to a representative of the Department of Justice after the conspiracy, if it had existed, had ended in failure, *held* inadmissible against the other defendant.

2. CRIMINAL LAW ⬳673(4)—FAILURE TO LIMIT EVIDENCE—CODEFENDANTS.

In a prosecution for conspiracy to defraud the United States, where testimony was admitted of the statements or admissions of one defendant, made to a representative of the Department of Justice after the conspiracy had ended in failure, it was prejudicial error to refuse to instruct that such statements, made out of court, were not competent as against the other defendant.

3. CONSPIRACY ⬳48—CONVICTION OF ONE DEFENDANT AFTER DEATH OF OTHER—EFFECT OF ACQUITTAL OR NOLLE PROSEQUI.

Though the union of the minds of at least two persons is a prerequisite to the commission of the crime of conspiracy, yet one may be convicted after the other accused is dead before conviction; but, if one be acquitted, the other also must be acquitted, as is the case if the prosecutor enter a nolle prosequi as to one.

4. CRIMINAL LAW ⬳1186(1)—REVERSAL—IMPROPER CONVICTION OF ONE OF TWO COCONSPIRATORS—EFFECT ON CONVICTION OF OTHER.

In a prosecution of two defendants for conspiracy to defraud the United States, where on his writ of error there must be a reversal of the conviction of one defendant for the improper admission of evidence against him, there must also be a reversal of the conviction of the other.

In Error to the District Court of the United States for the Eastern District of New York.

Isabelle Feder and Michael Polsky were convicted of conspiring to defraud the United States, and they bring error.  Judgments reversed, and new trials ordered.

Robert H. Elder, of New York City (Otho S. Bowling, of New York City, of counsel), for plaintiff in error Polsky.

Max D. Steuer, of New York City (Theodore Megaarden, of New York City, of counsel), for plaintiff in error Feder.

Melville J. Franee, U. S. Atty., of New York City, and James D. Bell, U. S. Atty., of Brooklyn, N. Y. (Charles J. Buchner, Sp. Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge.  Although plaintiffs in error were brought to trial under two indictments, they were convicted and sentenced under one only.

They were in common form accused of conspiring to defraud the United States by procuring, or endeavoring to procure, the acceptance by the War Department of, and payment by the United States for, a

large number of "barrack bags" which were improperly made, defective, and "useless to the United States for the purpose for which they were manufactured." The overt act relied upon and pleaded consisted in giving to certain representatives of the War Department of the United States money for the purpose of corrupting them and so procuring the acceptance of the aforesaid defective articles of manufacture. Criminal Code (Act March 4, 1909, c. 321) §§ 37, 39, 35 Stat. 1096 (Comp. St. §§ 10201, 10203). The defendants were convicted and took out several writs of error.

The record shows that ample evidence was offered by the prosecution tending to show that defendant Feder formed and endeavored to carry out the plan of corruptly influencing those representatives of the United States whose business it was to see that the barrack bags in question were good bags, and thus to procure their acceptance, although they did not comply with the specifications under which they were manufactured. But as the indictment was for conspiracy the crucial question was whether the two defendants had corruptly agreed to endeavor to bring about this result—no matter what may have been the purposes of the defendant Feder.

The indictment charges these two defendants only; it contains no allegation that they were but part of a larger body of conspirators, nor the usual averment that they conspired and agreed not only with themselves, but with "other persons to the grand jury unknown." Neither is there any evidence that any person or persons were engaged or concerned in or about said conspiracy except Feder and Polsky.

[1, 2] In order to sustain this accusation the prosecutor demanded of defendant Feder (who took the witness stand) whether or not she had made certain admissions or volunteered certain statements to a representative of the United States, which admissions or declarations, if made, strongly tended to prove the existence of the conspiracy. Defendant Feder denied having made some of the suggested and material statements, admissions or declarations, whereupon the prosecution produced a stenographic transcript of the conversations at which the statements in question had been made, and the same was admitted in evidence against both defendants.

The person to whom these statements or admissions had been made was a representative of the Department of Justice, and it is beyond all question from the record that at the time Feder was produced before said representative the conspiracy (assuming that it existed) had ended, and ended in failure. Thereupon counsel for Polsky (who did not testify) requested the court to instruct the jury that—

"None of these statements * * * made by the defendant Feder * * * is any evidence against the defendant Polsky, and they must not consider such statements or any part of them as being evidence against Polsky."

This request the court denied. At the close of the evidence and after the court's colloquial charge, counsel for Polsky again requested the court to charge the jury that—

"In determining the question of Polsky's guilt the jury cannot consider as evidence against him any statement or statements which tended to implicate him and were made by the defendant Feder as set forth in the stenographic record."

And this request the court refused.

It is true that the established rule of Logan v. United States, 144 U. S. 309, 12 Sup. Ct. 617, 36 L. Ed. 429 (recently reiterated by this court in Erber v. United States, 234 Fed. 228, 148 C. C. A. 123), was not specifically brought to the attention of the trial judge when these requests were proffered. But that rule, to the effect that only those acts and declarations, of a coconspirator are admissible against his fellows "which are done and made while the conspiracy is pending and in furtherance of its object," was plainly violated in a way as plainly prejudicial to Polsky. This conspiracy had come to an end, and when that occurred, "whether by success or by failure, the admissions of one conspirator by way of narrative of past facts are not admissible in evidence against the others."

Since defendant Feder was proffered as a witness, whatever was extracted from her on the witness stand was competent, relevant, and material against her; but the refusal to charge that the said statements made out of court were not competent as against Polsky was prejudicial error.

[3] The question remaining is: What disposition must be made of these writs under the circumstances shown? If defendant Feder had been tried alone, the record would have exhibited no error. Although the union of minds of at least two persons is a prerequisite to the commission of the crime of conspiracy, yet one may be convicted after the other accused is dead before conviction. Per Kent, J., People v. Olcott, 2 Johns. Cas. (N. Y.) at 310, 1 Am. Dec. 168. Yet not only if one of two conspirators be acquitted must the other also be acquitted, but, even if the prosecutor enter a nolle prosequi as to one, the other must be acquitted. State v. Jackson, 7 S. C. 283, 24 Am. Rep. 476; Commonwealth v. Edwards, 135 Pa. 474, 19 Atl. 1064. And even where evidence tended to show that three defendants had conspired, and the jury declared that A. had conspired with one of the other two, but they could not tell which one, it was held by Lord Campbell, C. J.:

"I think under these circumstances the verdict against A. cannot be supported. It is conceded that, if there be an indictment against two persons for a conspiracy, the acquittal of one must invalidate the conviction of the other. I cannot draw a distinction between the cases of two or three persons, if one only is found guilty. If three are indicted and two found not guilty the third must also be acquitted." Reg. v. Thompson, 16 Q. B. 832.

The rule as to convictions in conspiracy may be summed up by saying that, provided the acquittal or death of coconspirators does not remove the basis of the charge, one defendant may be convicted of the offense. Cf. People v. Mather, 4 Wend. (N. Y.) 229, 21 Am. Dec. 122; People v. Richards, 67 Cal. 412, 7 Pac. 828, 56 Am. Rep. 716, and cases supra.

[4] In the cause at bar Polsky is plainly entitled to a new trial, but unless he is guilty there can be no conspiracy. The basis of the charge is swept away if in point of fact there was no union of minds between Polsky and Feder, no matter what Feder's intent, purpose or effort may have been. While even in conspiracy a new trial has been granted to one of numerous defendants without disturbing the verdict

against others (Rex v. Mawbey, 6 T. R. 619), the rule was formerly general that, if a new trial be given to one after a conviction for conspiracy, it is given to all who were found guilty. In Reg. v. Gumpertz et al., 9 Q. B. 482, Denman, C. J., said:

"We cannot grant a new trial to one conspirator without granting it to all who are convicted; as we cannot separate the defendants, there must be a new trial as to all."

This remark must be taken with the limitation above indicated, and indeed commented upon by Lord Denman's colleagues by referring to Rex v. Mawbey, supra. The rule is founded upon much reason, as was remarked in Commonwealth v. McGowan, 2 Pars. Eq. Cas. (Pa.) 341, a case which followed the Gumpertz decision, soon after the latter was rendered. It has been accepted by writers of authority. Vide Wharton's Criminal Law (10th Ed.) § 1395; Bishop's New Criminal Procedure (4th Ed.) § 1038.

The reason for the rule is in our opinion the indivisibility of the crime for which a plurality of defendants are tried. This perhaps is best illustrated by the application of it made in Dutcher v. State, 16 Neb. 30, 19 N. W. 612, where, because of error in respect of one of several defendants accused of tumultuous and unlawful assembling, a new trial was granted to all.

The matter has received some consideration in this court. United States v. Cohn (C. C.) 128 Fed. 615, was an indictment for conspiracy against three men in respect of an agreement to defraud the United States made by them and "others to the jurors unknown." Two only of the defendants were brought to trial. The trial judge gave a new trial to one of them and denied it as to the other, who thereupon took a writ of error, reported as Browne v. United States, 145 Fed. 1, 76 C. C. A. 31 (certiorari refused 200 U. S. 618, 26 Sup. Ct. 755, 50 L. Ed. 623). This point is considered at page 13, and holds in substance that the jury might well have convicted the one person ultimately held guilty for conspiring, not with the defendant to whom a new trial was awarded but with the absent defendant named, and the "persons to the jurors unknown."

But where, as here, it is impossible that Feder should be guilty unless Polsky is, the crime is in every sense indivisible, its essence is the mental confederation not of any two of numerous persons (some perhaps to the "grand jury unknown"), but of these two particular defendants, Feder and Polsky. We (in Lord Denman's phrase) "cannot separate" these defendants; for the conspiracy is already reduced to its very lowest terms, viz. two persons. Therefore the rule still applies.

Judgments reversed, and new trials ordered.