### PEOPLE v. FRYE.

1. CRIMINAL LAW—EFFECT OF ACQUITTAL OF OTHER DEFENDANTS.
    It is general rule that conviction or acquittal of one defendant has no legal effect upon status of other defendants charged with same offense, whether trial be joint or separate, except as to crimes which, from their nature, cannot be committed by one person, as conspiracy.

2. BRIBERY—NOT JOINT OFFENSE—GIVING AND ACCEPTING BRIBE SEPARATE OFFENSES.
    Bribery is not joint offense of giver and receiver, although physical acts of at least two persons must concur to render one guilty of receiving bribe, but under statute (3 Comp. Laws 1915, §§ 14978, 14979) giving and accepting bribe are made separate offenses, different penalties are provided, and personal, not joint, corrupt intent is element of each offense.

As to effect of acquittal of principal or conviction in lower degree of offense as affecting prosecution of aider or abetter, see annotation in 24 A. L. R. 748.

3. CRIMINAL LAW—VERDICT AS TO ONE PARTICIPANT CONCLUDES. NOTHING AS TO OTHER UNLESS CRIME INHERENTLY JOINT.

Where a crime is not inherently joint, but may be committed by one person alone, trial and verdict as to one participant concludes nothing against or in favor of others.

4. BRIBERY—ACQUITTAL OF GIVER DID NOT ENTITLE ONE CHARGED WITH ACCEPTING BRIBE TO DIRECTED VERDICT.

In prosecution under 3 Comp. Laws 1915, § 14979, for accepting bribe, previous acquittal of one charged with giving bribe under section 14978, did not entitle defendant to directed verdict of not guilty.

5. CRIMINAL LAW—BRIBERY—EVIDENCE—CONSPIRACY.

In prosecution for accepting bribe, evidence held, sufficient to take to jury defendant's participation in conspiracy, rendering admissible in evidence declarations of co-conspirators in furtherance of common design.

Error to Kent; Cross (Orien S.), J., presiding. Submitted October 17, 1929. (Docket No. 147, Calendar No. 34,398.) Decided December 3, 1929.

Oscar B. Frye was convicted of having accepted a bribe. Affirmed.

*Geo. E. Nichols* and *Willard McIntyre,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Jay W. Lindsey,* Special Prosecuting Attorney, for the people.

FEAD, J. Defendant was convicted of bribery, under 3 Comp. Laws 1915, § 14979, in that he corruptly agreed to accept a promise or gift of one-third of $4,000 from Archie W. Baxter and Lee C. Rockwell, under an agreement or understanding that his vote, opinion, or judgment as a member of the common council of the village of East Grand Rapids should

be given in favor of the council's granting a certain paving contract to P. W. O'Connor Company, in which Patrick and William O'Connor and Louis Schnoor were interested.

Rockwell had pleaded guilty of bribery, and William O'Connor and Schnoor had been convicted of bribery. Baxter was tried upon an information containing a count of bribery of Frye, under 3 Comp. Laws 1915, § 14978, and of attempt to bribe him, under § 15611. He was convicted of the latter offense and his conviction affirmed by this court. *People* v. *Baxter,* 245 Mich. 229.

Defendant's principal contention is that he was entitled to a directed verdict of not guilty because, he urges, the testimony affirmatively showed that Rockwell did not personally bribe nor attempt to bribe defendant, and, if Frye was bribed, it was by Baxter; because the verdict in the Baxter case is conclusive upon the State that Baxter did not bribe Frye, but was guilty only of an unconsummated attempt to bribe him; and as bribery requires the concurrent completed acts of two persons, one who gives the bribe and one who receives it, the acquittal of Baxter of bribery discharged Frye.

It is the general rule that the conviction or acquittal of one defendant has no legal effect upon the status of other defendants charged with the same offense, whether trial be joint or separate. 16 C. J. p. 1104. An exception to this rule existed at common law with reference to principals and accessories, and still exists as to crimes which, from their nature, cannot be committed by one person, as conspiracy, 12 C. J. p. 643; riot, 34 Cyc. p. 1784; and, under our statute, lewd cohabitation, *Delany* v. *People,* 10 Mich. 241, although under other statutes the contrary is held. L. R. A. 1916C, 654. In such offenses

where all have been acquitted except one (or two in case of riot where three are necessary to commit the offense) their acquittal *ipso facto* acquits the remaining defendant or defendants.

The exception, however, is confined to those offenses which are so inherently and completely joint that one accused cannot be proved guilty without also proving that the other is guilty. It does not rest upon the evidence in a particular case, but upon the character of the crime. Physical participation in the offense is not sufficient to create the exception. It requires also a common and identical guilty intent. Thus, while adultery requires the concurrent act of two persons, one, because of guilty knowledge, may be convicted, while the other, because of insanity or *bona fide* belief in valid marriage, may be acquitted, *State* v. *Cutshall,* 109 N. C. 764 (14 S. E. 107, 26 Am. St. Rep. 599), (overruling *State* v. *Mainor,* 6 Iredell [28 N. C.] 340); *Alonzo* v. *State,* 15 Tex. App. 378 (49 Am. Rep. 207); and upon the same considerations of knowledge and intent, while it has been held that incest should be charged as a joint crime, *Baumer* v. *State,* 49 Ind. 544 (19 Am. Rep. 691), one may be guilty and the other innocent. *State* v. *Ellis,* 74 Mo. 385 (41 Am. Rep. 321); *People* v. *Patterson,* 102 Cal. 239 (36 Pac. 436); *Powers* v. *State,* 44 Ga. 209.

On a charge of conspiracy between two persons, in order to convict one it is imperative that the jury find the other equally guilty of the same offense. If one be acquitted, it is an integral part of the verdict that the other is also innocent. If the other be then convicted, it is the verdict that the first is also guilty. This results in repugnancy and absurdity in verdicts upon the records of the court. One verdict or the other should fail. The way out is shown in *State* v.

*Tom,* 13 N. C. 569, in which the court reviewed the old authorities and stated the reason for the rule discharging one of two conspirators when the other has been acquitted:

"The true principle is, that both the guilt and innocence of the party attainted, are affirmed in different parts of the proceedings, and so the record is nugatory; and on the side of humanity, innocence is presumed. It then amounts to the acquittal of him who was convicted; because the acquittal of the other is a bar to a second trial of either, for that offense."

*State* v. *Antoine,* 42 La. Ann. 945 (8 South. 529), strongly relied on by defendant, is not inconsistent with this statement of the exception. The decision rests upon a peculiarity in pleading. The facts and reasoning are summed up in the syllabus:

"An indictment charging, in one count, one defendant with larceny of three hogs, and another defendant, in another count, with having received same three hogs, knowing them to have been stolen property, a verdict and judgment acquitting the defendant of the charge of larceny necessitates the discharge of the other defendant. In such indictment, two genuine [generic] crimes being *conjunctively* charged, the former is a necessary ingredient of the latter, and the foundation of it."

Bribery is not a joint offense of the giver and receiver, although physical acts of at least two persons must concur to render one guilty of receiving a bribe. Under our statutes, it is made a separate offense as to each, is defined in separate paragraphs, and different penalties are provided. Personal, not joint, corrupt intent is an element of each offense. The giver of a bribe is punishable under 3 Comp. Laws 1915, § 14978, and his offense is complete when he corruptly offers a bribe, although the other refuse

it or take it innocently or to deliver the giver to justice. The receiver is chargeable under § 14979, and his offense is complete when he corruptly accepts a bribe, although the giver has no corrupt intent in offering the gift. The following authorities support the separate nature of the offenses of giving and receiving bribes, both at common law and under statutes similar to ours, and hold that one may be convicted and the other acquitted. We have found no authorities to the contrary. *Henslow* v. *Faucett,* 3 A. & E. 51; *People* v. *Bunkers,* 2 Cal. App. 197 (84 Pac. 364, 370); *United States* v. *Dietrich* (C. C.), 126 Fed. 664; *Commonwealth* v. *Murray,* 135 Mass. 530; *State* v. *Dudoussat,* 47 La. Ann. 977 (17 South. 685); *Sims* v. *State,* 131 Ark. 185 (198 S. W. 883); *Minter* v. *State,* 70 Tex. Cr. 634 (159 S. W. 286).

Where a crime is not inherently joint, but may be committed by one person alone, the trial and verdict as to one participant concludes nothing against or in favor of the others. This may be illustrated by cases involving principals and accessories under statutes which have abolished the distinction and permit all to be tried as principals. The acquittal of the real principal, although he was the sole immediate actor in the commission of the crime, does not, upon the trial of an accessory, establish the innocence of the latter, the fact that the principal did not commit the crime, nor any other fact in issue. The rule is reasonable, because the evidence can hardly be identical in two cases, other witnesses may be found, and testimony not admissible against one defendant may be competent against others. *People* v. *Mangiapane,* 219 Mich. 62; *Steely* v. *Commonwealth,* 132 Ky. 213 (116 S. W. 714); *Christie* v. *Commonwealth,* 193 Ky. 799 (237 S. W. 660, 24 A. L. R. 599); *State* v. *Lee,* 91 Iowa, 499 (60 N. W. 119); *State* v. *Bogue,* 52 Kan.

79 (34 Pac. 410); *State* v. *Phillips,* 24 Mo. 475; *State* v. *Kief,* 126 N. Y. 661 (27 N. E. 556).

In order to convict Baxter of bribery, it was not necessary to show that Frye had accepted a bribe from him. The records of the court show no acquittal in any case in which Frye's guilt was in issue, and, therefore, there is no repugnancy or inconsistency of verdicts to be corrected. As each crime could be committed by one person alone, the trial of Baxter concluded nothing as to Frye.

The court did not err in refusing to direct a verdict of not guilty.

Defendant concedes the well-established rule that the declarations of co-conspirators in furtherance of the common design are admissible in evidence as against them all, *People* v. *Baxter, supra; People* v. *Salsbury,* 134 Mich. 537, but urges that there was no testimony from which the jury could find that Frye had become a conspirator. There was ample testimony that the O'Connors, Schnoor, Rockwell, and Baxter had entered into conspiracy to obtain a paving contract through the bribery of Frye. Mrs. Green, bookkeeper for Baxter, testified that, while the paving contract project was in progress, these persons came to Baxter's store frequently; that Frye came there nearly every day to see Baxter and often talked with him on the telephone; that Baxter and Frye discussed the paving contract; that they talked of reorganizing the village into a city and dividing it into wards so they could control it and let paving contracts to the O'Connors; that they discussed and selected the person to make the motion to let the contract at bar to the O'Connors; that Frye suggested that Rockwell was talking too much and Baxter should offer him money to keep his mouth shut and should get a signed receipt from him. There

was also testimony that the O'Connors had given $4,000 to Rockwell, which he was to deposit in a bank; that it was discovered that he had not deposited it, and the O'Connors, Schnoor, Baxter, and Frye met at Baxter's store to discuss the situation; they talked it over, and Frye complained because they had given him the money. Rockwell also testified that on one occasion he asked Frye how things were going, and the latter said they were "just as good as put over" and money was "something we all could use;" that Frye told him he did not want to be seen talking with him, but if Rockwell wanted to communicate with him, to call him on the telephone or come to his house. There were other incidents, but the above are enough to show that there was sufficient testimony to submit to the jury Frye's participation in the conspiracy.

We have considered the other assignments of error and find them not well founded.

Conviction is affirmed.

NORTH, C. J., and BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.