PEOPLE v. ALEXANDER

1. Conspiracy—Definition—One-Man Conspiracy.

A conspiracy is a partnership in criminal purposes; there is no such thing as a one-man conspiracy.

2. Conspiracy—Conspiracy to Obstruct Justice—Acquittal of Codefendant.

A court may not accept a verdict of guilty on a conspiracy charge as to a defendant where the defendant's only codefendant has been acquitted of the same conspiracy charge (MCLA § 767.157a).

3. Criminal Law—Obstructing Justice—Acquittal of Codefendant.

The crime of obstructing justice is not an inherently joint act; the acquittal of a defendant's sole codefendant on a charge of obstructing justice does not *per se* absolve the defendant (MCLA § 750.505).

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 June 11, 1971, at Grand Rapids. (Docket No. 10392.) Decided July 27, 1971.

John Alexander was convicted of obstructing justice and conspiracy to obstruct justice. Defendant appeals. Conviction of conspiracy to obstruct justice set aside without a new trial. Conviction of obstructing justice affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,*

References for Points in Headnotes
[1] 16 Am Jur 2d, Conspiracy § 1.
[2] 16 Am Jur 2d, Conspiracy § 33.
[3] 21 Am Jur 2d, Criminal Law §§ 127, 128.

Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*Sidney Fershtman,* for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

J. H. Gillis, J. Defendant, John Alexander, and Eugene Gabbard, a codefendant, were charged with obstructing justice, MCLA § 750.505 (Stat Ann 1954 Rev § 28.773), and conspiracy to obstruct justice, MCLA § 750.157a (Stat Ann 1971 Cum Supp § 28.354[1]). Defendant Alexander, in a jury trial, was found guilty on both counts. Codefendant Gabbard was found not guilty on each charge.

Defendant Alexander contends there was insufficient evidence adduced at trial to establish his guilt beyond a reasonable doubt. An examination of the record discloses more than ample testimony to support the conviction of obstructing justice. *People v. Coleman* (1957), 350 Mich 268. Additionally, defendant's own testimony corroborates the bulk of the testimony presented by the people.

Defendant next contends that the trial court erred in accepting the verdict from the jury on the second charge of conspiracy to obstruct justice in light of the fact that the codefendant was acquitted of the same charge.

"A conspiracy is a partnership in criminal purposes." *United States* v. *Kissel* (1910), 218 US 601, 608 (31 S Ct 124, 126; 54 L Ed 1168, 1179). Our Michigan Courts have stated:

"There is no such thing as a one-man conspiracy." *People* v. *Heidt* (1945), 312 Mich 629, 642; see also: *People* v. *Cooper* (1950), 326 Mich 514, 518.

When the jury found the codefendant not guilty, the court could not accept the verdict of guilty on the conspiracy charge in defendant Alexander's case. *People* v. *Cooper, supra.*

However, the crime of obstructing justice, unlike the conspiracy count, is not inherently a joint act. An acquittal of the codefendant on this count does not *per se* absolve defendant. *People* v. *Frye* (1929), 248 Mich 678.

Other allegations of error do not warrant a discussion.

Defendant's conviction on the charge of conspiracy to obstruct justice is set aside without a new trial. Defendant's conviction on the charge of obstructing justice is affirmed.

All concurred.