PEOPLE v. SHARON BROWN

1. CRIMINAL LAW—PRIOR SIMILAR OFFENSE—PREJUDICE.
    Prosecution witness's testimony that defendant, charged with
    uttering and publishing, had been involved with him in a prior
    bad check incident, did not constitute prejudicial error where
    defense counsel had attempted to impeach the witness's credi-
    bility by showing his involvement in the bad check incident
    and the prosecutor, in attempting to rehabilitate the witness,
    elicited the response that defendant had been involved in the
    prior bad check incident and where defendant did not object
    to the testimony.

2. CRIMINAL LAW—ACCESSORY—COMMON INTENT.
    A defendant, to be charged as an accessory, must have had a
    common intent with the principal.

3. CRIMINAL LAW—ACCESSORY—DEFINITION.
    An accessory is one who was not present, actually or construc-
    tively, when the offense charged was committed, but who coun-
    seled, procured, or commanded another to do it.

4. CRIMINAL LAW—AIDING AND ABETTING.
    Those present at the place of a crime, aiding and abetting in
    its commission, are regarded as principals (MCLA § 767.39).

5. CRIMINAL LAW—AIDING AND ABETTING—ACCESSORIES—UTTERING
AND PUBLISHING.
    Defendant was triable as a principal, on the ground that she
    aided and abetted her companion's uttering and publishing,
    where the defendant was in the companion's car when the
    companion attempted to cash a stolen check at a drive-in bank

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 545, 778, 798.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 124–126.
[4, 5] 21 Am Jur 2d, Criminal Law §§ 120–122.

window and the defendant had handed the companion the check and pieces of stolen identifications; the defendant, having been present when the crime was committed, cannot, by definition, be an accessory (MCLA § 767.39).

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 7, 1971, at Lansing. (Docket No. 8727.) Decided July 28, 1971.

Sharon Brown was convicted of uttering and publishing a check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Glen E. Musselman,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. Defendant was charged and convicted of uttering and publishing in violation of MCLA § 750.249 (Stat Ann 1962 Rev § 28.446) on May 13, 1969 after a two-day jury trial in the Macomb County Circuit Court. Defendant's application for delayed appeal was granted on January 30, 1970, by this Court.

Briefly summarized, the facts are these: Mrs. Esther Mustazza's purse, containing I. D.[1] cards and her husband's checkbook, were snatched by a young man in East Detroit on October 22, 1968. On October 23, 1968, one Jack Pearcey drove to a drive-in

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "I.D."-Identification.—REPORTER.

window at the Bank of the Commonwealth in Sterling Heights in a borrowed car. The woman passenger in the car, identified by three witnesses as defendant, appeared to pass various items to Pearcey who gave them to the bank teller. The items were a $125 check, allegedly to Esther Mustazza from Frank Mustazza, and three pieces of identification belonging to Mrs. Mustazza. As the teller sought to establish the check's validity through computer checks and telephone calls, the car left the drive-in window leaving the check and I. D. cards behind. When arrested on October 25, 1968, defendant's purse contained numerous pieces of identification and checks, made out and signed, belonging to Mrs. Mustazza. Defendant's only statement to the police was that Jack Pearcey had not known that the check was stolen.

Defendant raises two issues on appeal which she argues warrant reversal. First, defendant argues that testimony concerning a prior similar offense, although unobjected to at trial, was prejudicial.

The objectionable testimony giving rise to this issue was elicited from prosecution witness Billy Lee Cline whose car defendant and Jack Pearcey used on the day of the alleged crime. Defendant's attorney attempted to impeach Cline's credibility by bringing out the fact that Cline previously had been involved in a bad check charge. The alleged prejudicial testimony occurred during questioning by the prosecution in an attempt to rehabilitate Cline as a witness. The questioning by the prosecution elicited the response that defendant had been involved with Cline in the bad check incident. As noted previously, defense counsel made no objection. Based on the whole record, we are unable to conclude that a clear injustice has occurred. *People*

v. *Schram* (1970), 23 Mich App 91; *People* v. *Ivy* (1968), 11 Mich App 427.

The defendant's contention on the second issue is that she was charged as an accessory in the uttering and publishing charge and that her requested jury instruction on the necessity of finding common knowledge and intent before finding her guilty as an accomplice was erroneously rejected. The prosecution's case is based on the theory that defendant was the principal, yet the prosecutor in his opening statement and the judge in his instructions made reference to MCLA § 767.39 (Stat Ann 1954 Rev § 28.979). This statute abrogates the distinction between principals and accessories to permit the prosecution of one who aids and abets without regard to the conviction or acquittal of a principal. *People* v. *Mangiapane* (1922), 219 Mich 62, 66.

Defendant's argument assumes that she is an accessory. If she is, then it was error to refuse to give the requested instruction. To charge a person with criminal responsibility as an accessory, it must be shown that the parties had a common intent. *People* v. *Frye* (1929), 248 Mich 678; *People* v. *Belton* (1910), 160 Mich 416. An accessory is one who was not present, actually or constructively, when the offense was committed, but who counseled, procured or commanded another to do it. *People* v. *Owen* (1927), 241 Mich 111. Defendant, by definition, is not an accessory. She was present when the crime was committed. If she did not actually utter and publish the forged instrument, there is evidence to support a finding that she aided and abetted Pearcey in doing so. Those present at the place of a crime, aiding and abetting in its commission, are regarded as principals. *People* v. *Repke* (1895), 103 Mich 459. 1 Gillespie, Michigan Criminal Law

& Procedure (2d ed), § 49, p 68.  The evidence was sufficient to convict her as such.  There was no error in refusing to give the requested instructions.

Affirmed.