PEOPLE v BERRY

Docket No. 77-3638. Submitted June 5, 1978, at Lansing.—Decided
July 6, 1978.

Lee H. Berry was convicted in Midland Circuit Court of conspir-
ing to utter and publish a forged instrument, Tyrone Gillespie,
J. On appeal, defendant contends that he cannot be convicted
of a conspiracy where his sole alleged coconspirator received
immunity from prosecution, that admission of the alleged
coconspirator's testimony was improper, that the court erred in
failing to give a cautionary instruction concerning the testi-
mony of the accomplice, that there was insufficient proof of
whether the accomplice had the necessary intent to be a
coconspirator and that a typewriter admitted into evidence was
obtained by an unconstitutional search and seizure. *Held:*

1. A defendant cannot be convicted of conspiracy where all
other alleged conspirators have been previously acquitted, but
he may be convicted of conspiracy where his sole coconspirator
has been granted immunity or is otherwise unavailable because
the coconspirator has not been acquitted and no determination
of his guilt has been made.

2. Testimony of an accomplice-conspirator concerning previ-
ous criminal conduct with the defendant is admissible to show

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 16 Am Jur 2d, Conspiracy §§ 19, 33.
   Prosecution or conviction as affected by disposition of case against
   other parties. 91 ALR2d 700.
[3] 16 Am Jur 2d, Conspiracy § 35.
   29 Am Jur 2d, Evidence §§ 321, 322, 326.
   Admissibility at trial of criminal case, of evidence of defendant's
   criminal acts other than those charged. 93 L Ed 185.
[4] 75 Am Jur 2d, Trial §§ 687, 690.
[6, 7] 68 Am Jur 2d, Searches and Seizures §§ 67–70.
[7] 68 Am Jur 2d, Searches and Seizures § 65.
   Search warrants: disputing matters stated in supporting affidavit. 5
   ALR2d 394.
   Propriety of considering hearsay or other incompetent evidence in
   establishing probable cause for issuance of search warrant. 10
   ALR3d 359.

a similar method of operation over a period of time where it is relevant to the charge.

3. The intent to be a coconspirator to uttering and publishing a forged instrument may be inferred where the record reveals that the alleged coconspirator forged an endorsement on a check before cashing it.

4. A search warrant based on information from an informant which indicates a continuing criminal enterprise which would give probable cause to believe that the object of the search was used in the commission of a crime and was still in defendant's apartment is proper.

Affirmed.

1. CONSPIRACY—CRIMINAL LAW—DEFINITION—ONE-MAN CONSPIRACY.

There is no such thing as a one-man conspiracy; once all alleged coconspirators are acquitted a defendant may not be convicted of conspiracy.

2. CONSPIRACY—CRIMINAL LAW—COCONSPIRATORS—GRANT OF IMMUNITY.

A defendant may be convicted of conspiracy despite the fact that his sole coconspirator has been granted immunity from prosecution.

3. CONSPIRACY—CRIMINAL LAW—TESTIMONY OF COCONSPIRATOR—ADMISSIBILITY—SIMILAR ACTS—STATUTES.

The testimony of an accomplice-conspirator who has been granted immunity from prosecution concerning prior criminal conduct with the defendant is admissible under the similar acts statute where such testimony shows a similar method of operation over a period of time and strongly supports the charge (MCL 768.27; MSA 28.1050).

4. CONSPIRACY—TESTIMONY OF COCONSPIRATOR—INSTRUCTIONS TO JURY—CRIMINAL JURY INSTRUCTIONS.

The testimony of an accomplice-conspirator who has been granted immunity from prosecution is suspect and should be safeguarded by a cautionary instruction to the jury; there are no grounds for error where the court gives such an instruction (CJI 5:2:03).

5. CONSPIRACY—TESTIMONY OF COCONSPIRATOR—FORGERY—INTENT TO DEFRAUD.

It can be inferred that a defendant's immunity-clad accomplice had the intent necessary to be a coconspirator to uttering and publishing a forged instrument, known to be false and with

intent to defraud, where the record reveals that the accomplice-witness forged an endorsement on a check before cashing it.

6. SEARCHES AND SEIZURES—SEARCH WARRANTS—RELIABLE INFORMATION—CONSTITUTIONAL LAW—PROBABLE CAUSE—STATUTES.

A search warrant based upon information indicating a continuing criminal enterprise which gives probable cause to believe that the object of the search was used in the commission of a crime and was still in defendant's possession meets constitutional requirements (MCL 780.651; MSA 28.1259[1]).

7. SEARCHES AND SEIZURES—SEARCH WARRANTS—INFORMANTS—CREDIBILITY—RELIABLE INFORMATION.

The fact that a search warrant is partially supported by hearsay information from a person whose credibility may not have been established becomes irrelevant where the search warrant is otherwise properly supported.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Doyle A. Rowland,* Prosecuting Attorney, and *Richard L. Lee, Jr.,* and *Thomas C. Panian,* Assistant Prosecuting Attorneys, for the people.

*Durance & Rhead,* for defendant on appeal.

Before: ALLEN, P. J., and CYNAR and D. R. FREEMAN,* JJ.

PER CURIAM. Defendant was convicted by a jury of conspiring to utter and publish a forged instrument, MCL 750.157a; MSA 28.354(1), MCL 750.249; MSA 28.446, on February 24, 1977. He was sentenced to 3 to 14 years in prison and now appeals of right.

At trial it was first shown that on March 11, 1976, someone passed a forged check. The key prosecution witness, Nadine Walmsley, was then called. She was allegedly defendant's accomplice and coconspirator in the charged offense, but had

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

been granted immunity from prosecution in exchange for her testimony. Walmsley testified as to how she assisted defendant in passing a forged check on March 11, 1976, as well as on other dates during the preceding three months.

On appeal, defendant contends that he cannot be convicted of a conspiracy charge where his sole alleged coconspirator received immunity from prosecution. Defendant reaches this conclusion by analogy from cases which have held that where all but one coconspirator is acquitted, the remaining coconspirator cannot be convicted on a conspiracy charge. *People v Alexander,* 35 Mich App 281; 192 NW2d 371 (1971). See generally, Anno: *Prosecution or Conviction of One Party to Alleged Conspiracy as Affected by Disposition of Case Against Other Parties,* 91 ALR2d 700. This result is based on the fact that a conspiracy is a partnership in criminal purposes that requires more than one conspirator. There is no such thing as a one-man conspiracy, and once all alleged coconspirators are acquitted, what would remain would be a one-man conspiracy. *People v Alexander, supra,* at 282; *People v Atley,* 392 Mich 298, 310; 220 NW2d 465 (1974).

Defendant's analogy is not valid, however. When alleged coconspirators are acquitted, a finding of not guilty of the charged conspiracy has been made. When alleged coconspirators are granted immunity (or when they are unavailable for prosecution for some reason), no determination as to their guilt has been made. A grant of immunity is not inconsistent with guilt. The instant defendant may still be convicted despite his sole codefendant's immunity from conviction. This holding is in accord with the decision of other jurisdictions which have passed on similar situations. See Anno:

*Prosecution or Conviction of One Party to Alleged Conspiracy as Affected by Disposition of Case Against Other Parties,* 91 ALR2d 700, 722.

Defendant also attacks the actual testimony of Walmsley, the coconspirator. Walmsley testified to other instances when she and defendant passed bad checks. Defendant claims such testimony was improper, but we find that it fell squarely within the similar acts statute, MCL 768.27; MSA 28.1050. The testimony showed a similar method of operation over a period of time and strongly supported the conspiracy charge. The evidence was quickly presented and not belabored by the prosecution. Defendant also contends that the immune testimony of an accomplice-conspirator is suspect and should be safeguarded by a cautionary instruction. The short answer to this contention is that the court did give such an instruction when it gave CJI 5:2:03 almost verbatim.

The final issue concerning defendant's immunity-clad accomplice was whether she had the intent necessary for her to be a coconspirator to uttering and publishing a forged instrument. The record reveals that Walmsley herself forged the endorsement on the check before cashing it. From this, it can be inferred that she was involved in uttering and publishing a check she knew to be false and that she did so with the intent to defraud.

In another issue on appeal, defendant claims that a typewriter which was introduced into evidence was seized pursuant to a search warrant unconstitutionally based on stale and unreliable information. The typewriter was seized from defendant's residence, and expert testimony indicated that it *could* have been the typewriter used to type the forged check. The search warrant

(issued on April 1, 1976) was based on information from Walmsley that she had seen defendant use a typewriter in his apartment to prepare forged checks in January, 1976, and that she had been involved in a series of other forged check-passings through March, 1976. This information indicates a continuing criminal enterprise which would give probable cause to believe that the typewriter was still in defendant's apartment, and a warrant could properly issue under MCL 780.651; MSA 28.1259(1). The fact that the warrant was further supported by hearsay information from another person whose credibility may not have been established becomes irrelevant in light of the adequate support for the warrant given by Walmsley.

Affirmed.