PEOPLE v TURNER

Docket No. 77-1975. Submitted April 14, 1978, at Detroit.—Decided
    October 2, 1978.

Byron Turner, also known as Michael Whitmore, was convicted of
    delivery of heroin and of conspiracy to deliver heroin, Record-
    er's Court of Detroit, Patricia J. Boyle, J. The defendant
    appeals, alleging (1) that the trial court acted improperly in
    linking the instruction to the jury on the defense of alibi to the
    instruction on identification and in refusing to give the entire
    standard instruction on identification, and (2) that the convic-
    tion on the conspiracy count must be set aside because the
    conspiracy charge against a sole co-conspirator was dismissed
    as part of a plea bargain. *Held:*

    1. It was not improper for the trial court to tie together the
    instructions on alibi and identification and limit its instruction
    on identification because both defenses were employed by the
    defendant at trial and the instructions, as given, were consist-
    ent with the defense theory.

    2. The conspiracy conviction is valid. The plea bargain
    reached between the co-conspirator and the prosecution,
    wherein the conspiracy charge was dismissed as to the co-
    conspirator, was not an adjudication of either party's participa-
    tion in the conspiracy and must be treated differently than if
    the sole co-conspirator had been tried and acquitted.

    Affirmed.

    T. M. BURNS, P.J., concurred in part and dissented in part.
    He would agree that the instructions to the jury were proper.
    However, he would hold that once the conspiracy charge was

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law § 136.
    75 Am Jur 2d, Trial §§ 729–737.
[2] 75 Am Jur 2d, Tiral § 610.
[4] 16 Am Jur 2d, Conspiracy §§ 14, 33.
    21 Am Jur 2d, Criminal Law § 132.
[5] 16 Am Jur 2d, Conspiracy §§ 1, 14, 33.
[6] 16 Am Jur 2d, Conspiracy § 33.
    21 Am Jur 2d, Criminal Law § 132.

dismissed against the sole co-conspirator, the defendant could no longer be charged with conspiracy.

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI—MISIDENTIFICATION.

It is not error, in a criminal trial where a defendant raises both an alibi defense and a misidentification defense, for the trial court to link the alibi instruction with the instruction on identification because the alibi testimony, if believed, may serve two purposes: it forms a "perfect defense" because the defendant could not have been where the prosecution claimed he was and, alternatively, it may serve to raise a reasonable doubt in the identification even if the defendant's presence at another place is not adequately established.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—CRIMINAL JURY INSTRUCTIONS.

Use of the Criminal Jury Instructions presently is not mandatory, although their use is encouraged.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—IDENTIFICATION INSTRUCTION—ALIBI—CRIMINAL JURY INSTRUCTIONS.

An instruction to the jury on identification which is more limited than an instruction requested by a defendant was not erroneous where the trial court relied on the note to the applicable Criminal Jury Instruction on identification and made an evaluation of the strength of the identification testimony and correctly decided that the identification instruction was necessary only as a companion to an alibi instruction (CJI 7:7:01).

4. CONSPIRACY—CRIMINAL LAW—ONE MAN CONSPIRACY—PLEA BARGAIN—DELIVERY OF HEROIN.

There can be no crime of a "one man conspiracy"; if one defendant is acquitted by a fact finder of the crime of conspiracy, the charge cannot be sustained against one other alleged co-conspirator; however, where one of two co-defendants pleads guilty to a charge of delivery of heroin in exchange for a dismissal of a charge of conspiracy to deliver heroin, there has been no adjudication of either party's participation in the conspiracy.

PARTIAL DISSENT, PARTIAL CONCURRENCE BY T. M. BURNS, P.J.

5. CONSPIRACY—CRIMINAL LAW—ONE MAN CONSPIRACY—ACQUITTAL OF ALL BUT ONE CO-CONSPIRATOR.

*A conspiracy is a partnership for a criminal purpose; therefore, there can be no such thing as a one man conspiracy and,*

*because of the joint nature of the offense, an acquittal of all but one conspirator is, in effect, an acquittal of all.*

6. CONSPIRACY—CRIMINAL LAW—CONSPIRATOR NOT SUBJECT TO LIABILITY—PLEA BARGAINS.

*A conspiracy count against a defendant cannot stand where the only other person the proofs would support a conspiracy charge against is not subject to liability on the conspiracy charge because of a plea bargain whereby the prosecutor has agreed that the conspiracy charge be dismissed.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: T.M. BURNS, P.J., and N.J. KAUFMAN and BASHARA, JJ.

BASHARA, J. Defendant was tried and convicted in a jury trial in Detroit Recorder's Court for one count of delivery of heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and one count of conspiracy to deliver heroin, MCL 750.157a; MSA 28.354(1). This appeal by right challenges the trial court's instructions on identification and alibi, and the validity of the conspiracy conviction.

Both counts arose out of a single incident on March 24, 1976. An undercover narcotics officer went to an address on American Street in the City of Detroit for the purpose of purchasing narcotics. Prior purchases had been made at this address from an individual known as "Dog". Dog did not have anything to sell on this occasion.

Dog and two other unidentified males escorted the undercover officer to a house on Dalrymple, also in the City of Detroit, to make a purchase.

The group was admitted at this address and the officer was introduced to an individual called "Red". No conversation occurred between Red and the officer.

Before any sale could be made, Red required the officer to sample the product. Under Dog's guidance, the officer simulated snorting the drug. Convinced the officer was "cool", Dog took money from the officer and went into another room with Red. When they returned, the officer saw Red pass a shiny object to Dog. This object, a tinfoil packet, was given to the officer, with $5 change, when they returned to the American address. The packet was shown to contain heroin.

A search warrant and several arrest warrants based on this incident were executed on April 8, 1976. Dog was arrested at the American address and identified as Donald Byars. When the search warrant was executed at the Dalrymple address, the undercover officer identified the present defendant as Red. Both were charged with delivery of heroin and conspiracy to deliver heroin based on the March 24 incident described above in a single complaint and information. Byars pled guilty to delivery before trial and was placed on three years probation. The conspiracy count, as to him, was dismissed. No evidence that defendant conspired with any person other than Byars was presented at trial.

The defendant called several of his family members as alibi witnesses. Each testified that defendant was working at the family store on March 24 until around 9:30 p.m. The narcotics sale was shown to have occurred sometime after 8 p.m. The defense also called the former codefendant Byars to testify that defendant was not the "Red" involved in this case.

Defendant testified in his own behalf and confirmed the alibi given by his family. He denied being at the Dalrymple address on March 24. He admitted being arrested there on April 8, but claimed he went there to see a friend named "Reggie" or "Reg". The defense attempted to show that the officer had misidentified defendant and that "Reg" was the individual involved in the sale. Reggie did not testify at trial.

In instructing the jury, the trial court gave CJI 7:2:01, the standard instruction on alibi, and tied to it an instruction on identification based on the first paragraph of CJI 7:7:01.[1] Defendant now claims it was error to tie the alibi and misidentification "defenses" together and to refuse to give the entire standard instruction on identification.

It was not error for the trial court to link the alibi instruction to the instruction on identification. Michigan has long recognized that alibi testimony may serve two purposes; if believed, it forms a "perfect defense" because the defendant could not have been where the prosecution claimed he was and, alternatively, it may serve to raise a reasonable doubt in the identification even if defendant's presence at another place is not adequately established. *People v Burden,* 395 Mich 462; 236 NW2d 505 (1975), *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973). Defendant employed both theories at trial and the instructions as given were consistent with the defense theory.

Nor was it error for the trial court to limit its instruction on identification, as noted above, over

---

[1] "In conjunction with the alibi defense in this case, one of the questions is the identification of the defendant, Mr. Turner, as the person who committed the crimes. Again, identification is an element, and just as all other elements, the Prosecution has the burden of proving beyond a reasonable doubt not only that the crime was committed, but that the defendant, Mr. Turner, was the person who committed it."

defendant's objection that the entire instruction should have been given. The trial court relied on the note to CJI 7:7:01 which provides:

"*The identification instruction should be given only* when the identifying witness was not in a position which would permit him to observe clearly the person committing the crime, when the witness is not positive as to identity, when his positive statements as to identity are weakened by qualification, by failure to identify the defendant on one or more other occasions or by a prior inconsistent identification or when his identification testimony otherwise appears to be doubtful. *No instruction on identification testimony should be given* when the identifying witness had a good opportunity for positive identification, he is positive in his identification and his identification is not weakened by prior inconsistent identification or by prior failure to identify, but remains, even after cross-examination, positive and unqualified. To give an instruction on identification under these circumstances would serve only to confuse the jury." (Emphasis in original.)

At the present time, the CJI are not mandatory, although their use is encouraged. The instruction under consideration requires the trial court to make a preliminary evaluation of the strength of the identification testimony. The trial court did so here and decided the instruction was necessary only as a companion to the alibi instruction. We do not disagree with the trial court's evaluation of the facts or the manner in which the instruction was limited. See, *United States v Telfaire*, 152 US App DC 146; 469 F2d 552 (1972).

Defendant's final claim is that where the conspiracy charge against a sole co-conspirator is dismissed, defendant's conviction for conspiracy must be set aside. We initially note that this issue does not appear to be properly preserved for appeal. Nonetheless, the mandates of *People v Le-*

*Blanc,* 399 Mich 31, 49; 248 NW2d 199 (1976), seem to allow this Court to address the question. Clearly, there can be no "one man conspiracy". If one defendant is acquitted by a fact finder of the crime of conspiracy, the charge cannot be sustained against the other alleged co-conspirator, *People v Frye,* 248 Mich 678; 227 NW 748 (1929).

However, where the codefendant pleads guilty to delivery of heroin in exchange for a dismissal of the conspiracy charge, it can hardly be said that there has been any adjudication of either party's participation in the conspiracy.

Judge BURNS cites *Feder v United States,* 257 F 694; 5 ALR 370 (CA 2, 1919), and *Miller v United States,* 277 F 721 (CA 4, 1921), for the proposition that once a charge against a codefendant is dismissed and he is no longer subject to conspiratorial liability, the conspiracy count as to the principal defendant can no longer stand. These cases can be distinguished as the co-conspirators were tried and acquitted.

Rather, we would not only rely on *Feder* and *Miller,* but specifically on *United States v Coppola,* 526 F2d 764, 776 (CA 10, 1975), where the Court observed:

> *"Nor do we see any merit to the contention that the dismissal of the conspiracy charges as to Baca and Molina automatically bars the conviction of appellant. This dismissal is not equivalent to a judgment of acquittal. It is merely a compromise and not a finding that the evidence was insufficient to convict Molina and Baca of conspiracy.* We find no substantial merit to any of this. Hence we see no inconsistency. (Emphasis supplied.)"

See also *Romontio v United States,* 400 F2d 618 (CA 10, 1968), *United States v Fleming,* 504 F2d

1045 (CA 7, 1974), and *People v Berry,* 84 Mich
App 604; 269 NW2d 694 (1978).
    Affirmed.

N.J. KAUFMAN, J., concurred.

T. M. BURNS, P.J. *(dissenting in part, concurring
in part).* I agree with the majority's conclusion as
to the first issue but cannot agree that defendant
may be convicted on the conspiracy count. Defend-
ant claims that where the conspiracy charge
against a sole co-conspirator is dismissed, defend-
ant's conviction for conspiracy must also be dis-
missed.

The information charged that defendant con-
spired with Donald Byars and diverse other peo-
ple. The evidence at trial, however, would support
only a conspiracy with Byars. The conspiracy
count against Byars was dropped when he pled
guilty to delivery before this trial. Defense counsel
moved to quash the information on this basis
before trial but the court rejected the motion,
ruling it was premature.

A conspiracy is a partnership for a criminal
purpose. Therefore, there can be no such thing as
a one man conspiracy. *People v Heidt,* 312 Mich
629; 20 NW2d 751 (1945). Because of the joint
nature of the offense, an acquittal of all but one
conspirator is, in effect, an acquittal of all. See,
*People v Frye,* 248 Mich 678, 682; 227 NW 748
(1929), *People v Alexander,* 35 Mich App 281; 192
NW2d 371 (1971).

Byars was not acquitted on the merits after
trial, but the dismissal of the conspiracy count in
exchange for his plea to the substantive offense
had the same effect. Byars could not thereafter be
convicted of the conspiracy charge. Since the only
person the proofs would support a conspiracy

charge against is not subject to conspiratorial liability, the conspiracy count against defendant cannot stand. *State v Jackson,* 7 SC 283; 24 Am Rep 476 (1876), *Feder v United States,* 257 F 694; 5 ALR 370 (CA 2, 1919), *Miller v United States,* 277 F 721 (CA 4, 1921).

This holding should not be misunderstood. I would hold that where the proofs show that only two persons are involved in the alleged conspiracy and the charges against one are disposed of without a finding of his involvement in the conspiracy, the conspiracy count against the other cannot stand. Had the proofs shown an agreement with others, the dismissal of the conspiracy count against Byars would be irrelevant.