PEOPLE v TURNER (ON REMAND)

Docket No. 47858. Submitted April 14, 1980, at Detroit.—Decided September 16, 1980.

Byron Turner, a/k/a Michael Whitmore, was convicted of delivery of heroin and conspiracy to deliver heroin, Recorder's Court of Detroit, Patricia J. Boyle, J. The Court of Appeals affirmed the conviction, 86 Mich App 177 (1978). The Supreme Court vacated the judgment of the Court of Appeals and remanded the case for consideration of whether there was sufficient evidence to support the defendant's conspiracy conviction. 407 Mich 890 (1979). *Held:*

There was sufficient evidence presented at trial to sustain the defendant's conviction of delivery of heroin, and his intent to enter into the agreement to deliver the heroin was established by circumstantial evidence sufficient to enable a reasonable trier of fact to find that he was guilty of conspiracy.

Affirmed.

T. M. Burns, P.J., dissented. He would hold that because conspiracy charges against the only other person who could have been found guilty had been dismissed, the evidence was insufficient, as a matter of Michigan law, to support defendant's conspiracy conviction. He would reverse.

OPINION OF THE COURT

1. CONSPIRACY — CRIMINAL LAW — NECESSARY ELEMENTS — CIRCUM-STANTIAL EVIDENCE.

The intent to commit a wrongful act and the intent to enter into an agreement to commit the wrongful act with another must be established to sustain a conspiracy conviction, and where the facts of a case are taken in a light most favorable to the prosecution, a permissible inference may be drawn from circumstantial evidence to enable the finder of fact to find that a conspiracy was sufficiently established.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Conspiracy §§ 2, 13, 42.
[2] 16 Am Jur 2d, Conspiracy §§ 2, 25.

DISSENT BY T. M. BURNS, P.J.

2. CONSPIRACY — CRIMINAL LAW — DISMISSAL OF CHARGES AGAINST A
CO-CONSPIRATOR.

A conspiracy count against a defendant cannot stand where
conspiracy charges against the only other person in the same
case who could have been found guilty of the charges are
dismissed, since there is no such thing as a one-person conspiracy.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: T. M. BURNS, P.J., and N. J. KAUFMAN and BASHARA, JJ.

## ON REMAND

BASHARA, J. The defendant, Byron Turner, a/k/a Michael Whitmore, was tried by a jury and found guilty of delivery of heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and conspiracy to deliver heroin, MCL 750.157a; MSA 28.354(1). The Court of Appeals affirmed the defendant's convictions. *People v Turner,* 86 Mich App 177; 272 NW2d 346 (1978). The Supreme Court vacated this Court's judgment and remanded for our consideration of whether there was sufficient evidence to support the defendant's conspiracy conviction. 407 Mich 890 (1979). Having reviewed the record, we again affirm the defendant's conspiracy conviction.

Because of the nature of the order of remand, a review of the evidence against the defendant is necessary. The complainant and chief prosecution witness against the defendant was an undercover

narcotics officer, Jacqueline Finneren. Officer Finneren testified that she went to Mr. Donald Byars to purchase narcotics. Byars told the officer that he was going to take her to his "bagman". He took the officer to the defendant's residence and told her that was the location of the narcotics. The officer testified that the defendant refused to talk to her, left the room, and came back with a photo album upon which a small amount of a brown substance had been piled. Byars told the officer that the defendant did not want to sell to her until he had checked her out. The officer was then instructed on how to properly "snort" the heroin. The officer testified that after she had simulated the inhaling of the heroin, the defendant stated, "She's O.K., she is cool". Byars then approached the officer and stated, "It's Red's [defendant's] shit, give me the money". The officer testified that she gave Byars $60 in prerecorded funds, that the defendant and Byars walked out of the room as Byars handed defendant the money, and that, when the defendant and Byars reentered the room, the defendant was handing a small "shiny" object to Byars. The officer testified that Byars later handed her a small tinfoil package found to contain heroin.

This Court views this evidence as sufficient to sustain the defendant's conviction of delivery of heroin. In *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974), the Supreme Court held that two intents must be shown to sustain a conspiracy conviction. First, one must establish the intent to commit the wrong act (here, the delivery of heroin), and, secondly, one must establish the intent to enter into an agreement to commit the wrongful act with another. Where the above facts are taken in a light most favorable to the prosecution,

a permissible inference may be drawn from the circumstantial evidence to enable us to find that a conspiracy was sufficiently established. *People v Bageris,* 94 Mich App 396; 288 NW2d 439 (1979), *People v McCracken,* 88 Mich App 286; 276 NW2d 609 (1979).

In the case at bar, there was evidence to show both the intent to perform the substantive offense and intent to enter the agreement. The defendant's intent to deliver heroin is shown by the defendant's conducting a "fitness test", his pronouncement that the officer was "okay" and "cool", and his inferred exchange of the tinfoil package for the prerecorded funds. The defendant's intent to enter into the agreement is established by the statements of Byars that the officer was being taken to his bagman, that the defendant would not sell her the stuff before she "snorted" it, and Byars' request for money to buy the defendant's heroin. Furthermore, the defendant did not deal directly with the undercover officer, but only through Byars as the middleman. The defendant took the prerecorded funds from Byars and, we may infer, returned heroin for the money. Although the narcotics officer could not testify that the defendant gave narcotics to Byars, the inference can be drawn easily from the circumstances. The officer did see a "shiny" object passed from defendant to Byars. He subsequently turned over a tinfoil package of heroin to the officer.

Given these facts, this Court concludes that a reasonable trier of fact could well have found defendant guilty of conspiracy. *Cf. People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Affirmed.

N. J. KAUFMAN, J., concurred.

T. M. BURNS, P.J. *(dissenting)*. I have considered the majority opinion, but I find nothing in it that causes me to alter my original impression of this case. See, *People v Turner*, 86 Mich App 177, 184-185; 272 NW2d 346 (1978), *opinion vacated* 407 Mich 890 (1979). As I stated in my prior dissenting opinion in this matter, there is no such thing as a one-person conspiracy. Because conspiracy charges against the only other person who could have been found guilty of them in this case have been dismissed, the evidence is insufficient as a matter of Michigan law to support defendant's conspiracy conviction. I would reverse this conviction.