CITY OF DETROIT *v.* WESTERN UNION TELEGRAPH CO.

TAXATION OF TELEGRAPH COMPANIES—UNCONSTITUTIONAL LAW—
REPEALING CLAUSE.

> Acts No. 77 of 1879 and No. 168 of 1881, providing for the assessment of telegraph and telephone companies, and repealing all acts and parts of acts inconsistent therewith, being unconstitutional by reason of invalid provisions for taxation therein, and the only reason for the enactment of the repealing clauses being found in such invalid provisions, they are also void, and the law of 1851, providing for a specific tax on telegraph companies, was not thereby repealed.

Case made from Wayne; Carpenter, J. Submitted April 9, 1902. (Docket No. 24.) Decided May 8, 1902.

Debt by the city of Detroit against the Western Union Telegraph Company to collect a tax. There was a judgment for defendant, and plaintiff assigns error. Affirmed.

*John W. McGrath,* for appellant.

*C. A. Kent,* for appellee.

HOOKER, C. J. The city of Detroit assessed personal property of the defendant within the city, and levied a tax against it, for the year 1899. The property consisted of personalty used in defendant's business of telegraphing, and the taxes levied included city, school, highway, and police taxes. This action of debt was brought by the city to enforce payment. The plea alleges that defendant had been previously assessed on all of its personal property for the year 1899 in accordance with the provisions of Act No. 179 of the Public Acts of 1899, and that it paid the tax levied as required by that act. The court held that the levy upon which this action was brought was void, and gave judgment for the defendant, and the city has appealed.

It appears to be conceded that a law passed in 1851 imposed a specific State tax upon telegraph companies. This act continued in force until 1879, when an act was passed providing for the assessment of telegraph and telephone companies. It contained a clause repealing all acts and parts of acts inconsistent therewith. In 1881 a similar act was passed, containing some modifications, and repealing the law of 1879 and all acts and parts of acts inconsistent with the new act of 1881. Under our Constitution, specific taxes must be applied to the educational fund, and that was done with all taxes raised under these acts until the year 1899, when Gov. Pingree sought to have them applied to other purposes, upon the claim that they were not specific taxes, inasmuch as they were assessed upon an *ad valorem* basis. His contention was sustained to the extent of holding that the taxes were not specific taxes, but the court held that the act of 1881 was unconstitutional, for reasons stated in the opinion; and these reasons would be equally applicable to the law of 1879. *Pingree* v. *Auditor General*, 120 Mich. 95 (78 N. W. 1025, 44 L. R. A. 679). Notwithstanding the fact that it is obvious that the laws of 1881 and 1879 were ineffective to create a method of assessment and the collection of taxes, counsel for the city maintain that they were effective to repeal the law theretofore existing, *i. e.*, the statute of 1851. In other words, they would sustain the acts to the extent of the repealing clauses, and no further, and upon this theory they seek to tax the property of the defendant under the general tax law of the State.

We have often applied the rule that an act may be sustained in part, where we can reasonably say that the portions held valid are adequate to accomplish the legislative intent, but never when it is clear that they are not. The apparent intent of these two acts was not to change the rule by which the telegraph companies paid taxes to the State in lieu of all other taxes, but simply change the basis upon which the tax was computed. It is evident that there was no design to relieve them from the payment

of any tax, and it is equally clear that it was not the intention to have them taxed under the general tax law. To hold, notwithstanding these facts, that the pre-existing statute was repealed, and thereby make telegraph companies liable to pay a tax under the general law, would do violence to the rule above stated. No one can doubt that the only reason for the repeal is to be found in the invalid provisions for taxation provided by those acts. We think, therefore, that the repealing clauses must fall with the acts of which they are parts. See *Campau* v. *City of Detroit,* 14 Mich. 276; *Blades* v. *Board of Water Com'rs of Detroit,* 122 Mich. 381 (81 N. W. 271).

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.