BRIDWELL *v.* SEGEL.

1. AUTOMOBILES — REAR-END COLLISION — PRESUMPTION OF NEGLIGENCE.

The driver of the car approaching from the rear and involved in a rear-end collision is presumed to be negligent, but such presumption is rebuttable (CLS 1956, § 257.402).

2. SAME—REAR-END COLLISION—AFFIRMATIVE DEFENSE—BURDEN OF PROOF—EVIDENCE—BRAKES.

Defendant motorist in action arising from rear-end collision as cars were near a red traffic light *held,* to have presented evidence, of his own and of garagemen who had examined his

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 923.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1006.
[3] 30A Am Jur, Judgments § 300.

hydraulic brake system, from which the jury could have found that he successfully bore the burden of proof of his affirmative defense in that at previous inspections the brakes appeared to be good and after the accident there was shown to have been a recent major leak in the master cylinder, an infrequent experience, together with evidence of suddenness of brake failure (CLS 1956, § 257.402).

3. TRIAL—CREDIBILITY OF WITNESSES—QUESTION FOR TRIER OF FACTS. The credibility of witnesses is a question for jury determination, where there are inconsistencies in defendant's own testimony and a trial judge who sets a verdict aside under such circumstances exceeds his discretion by invading the province of the jury (CL 1948, § 618:12).

Appeal from Wayne; Targonski (Victor), J. Submitted October 4, 1960. (Calendar Nos. 48,366, 48,367.) Decided December 2, 1960.

Case by Sadie Bridwell against David Segel for personal injuries sustained when car in which she was riding was struck in rear by defendant's automobile on July 4, 1956. Similar action by Fred Bridwell for medical expense. Cases tried together and consolidated on appeal. Verdicts for defendant set aside and new trial granted. Plaintiffs appeal. Reversed for entry of judgments on verdicts.

*I. Goodman Cohen* (*Irving L. Halpern,* of counsel), for plaintiffs.

*George Belitsos,* for defendant.

EDWARDS, J. Plaintiffs, husband and wife, in these cases sued for her injuries resulting from a collision in which defendant ran into the rear end of their car as it was stopped at a red light. Defendant, confronted by a statutory presumption of negligence on these facts (CLS 1956, § 257.402 [Stat Ann 1960 Rev § 9.2102]), answered, pleading as an affirmative defense that the accident resulted from sudden and

complete brake failure which he could not reasonably have anticipated. After trial, a Wayne county circuit court jury brought in verdicts of no cause for action. On motion, the circuit judge set those verdicts aside and granted a new trial, holding the verdicts were contrary to the great weight of the evidence. Defendant appeals.

At the trial plaintiffs' testimony established the impact and the injury. Plaintiff husband also testified that after the collision, at defendant's invitation, he tried defendant's brake pedal and found he had "no pedal at all." Aside from this testimony, for obvious reasons, plaintiffs gave very little evidence bearing on why or how the accident happened. The principal witnesses as to these matters were the garageman who examined the car after the accident and the defendant.

This garageman's testimony was undisputed on the main point of defendant's defense. He testified that he found evidence of a recent major leak in the master brake cylinder, and that he replaced all of its working parts. He also testified:

"*Q.* From your experience as a garageman, sir, if there was a sudden leaking of brake fluid from a hydraulic system, would there be any brake pedal?
"*A.* No.
"*Q.* In your experience does this happen very often?
"*A.* Oh, it is not one of the things that happens every day but we do get it."

Defendant also produced 2 other garagemen who testified to repairs to defendant's brakes prior to the accident. One testified that the master cylinder appeared at the time of his inspection to be "good."

Plaintiffs made no effort to counter this evidence— but sought by cross-examination, and reliance upon a deposition taken from defendant 6 months after the

accident, to establish that defendant had the opportunity, assuming the sudden brake failure, to employ the hand brake or turn aside before striking plaintiffs' car. Obviously, as to these arguments, the jury accepted defendant's testimony.

On appeal, plaintiffs-appellees open their argument by contending:

"Where it appears that the verdict of a jury is against the great weight of the evidence, or where the evidence so greatly preponderates against the jury's verdict that it may reasonably be assumed that the jury was influenced by considerations outside the evidence such as passion, ignorance, partiality, or caprice, or that their minds were not open to reason and conviction, it becomes the duty of the trial court, upon proper motion, to set aside the jury's verdict and grant a new trial. *Goonen* v. *Ann Arbor R. Co.,* 218 Mich 502; *Whipple* v. *Michigan Central R. Co.,* 130 Mich 460; *Moon* v. *Pere Marquette R. Co.,* 143 Mich 125. It is equally well established that a new trial should be granted if the evidence was overwhelmingly against the verdict, even though the testimony may have given the party receiving the verdict the right to go to the jury with the question. *Bays* v. *Warren Featherbone Co.,* 131 Mich 205."

This, we believe to be an accurate statement of general principles of Michigan law recently reiterated in *Murchie* v. *Standard Oil Co.,* 355 Mich 550. Unfortunately for appellees, these principles hardly serve to decide this case in their favor. This record does contain evidence from defendant and the garagemen witnesses from which the jury could have found that he successfully bore the burden of proof on his affirmative defense.

The expert evidence is not, of course, conclusive as to whether or not defendant's brakes failed suddenly and without notice. The most that it establishes is that the condition of the master brake cylin-

der before and after the accident was such as to make defendant's version of the accident consistent with the physical facts.

Plaintiffs-appellees rely upon *Davis* v. *Belmont Creamery Co.*, 281 Mich 165. In that case, the plaintiff's testimony which was accepted by the jury was plainly at variance with the established physical facts of the accident. Here, the defendant's testimony which was accepted by the jury was consistent with the physical facts as established by the evidence.

We do not ignore the inconsistencies in defendant's statements revealed when his testimony at trial was contrasted with statements at the scene of the accident and in a deposition taken 6 months after the accident. The variances pertained to his speed and distance from plaintiffs' car when he first sought to apply his brakes, and whether or not there were cars stopped beside plaintiffs' car.

As to these conflicts, it is obvious that the jury believed defendant's testimony at the trial and his explanation of the inconsistencies. It is equally obvious that the trial judge did not.

We view this record as presenting essentially a dispute over the credibility of the testimony of the defendant due to inconsistencies in portions thereof.

The record presents no positive guide to decision of this dispute. In such a situation, Michigan case law holds that credibility of a witness is a question for jury determination. *Lonier* v. *Ann Arbor Savings Bank,* 153 Mich 253; *B. F. Goodrich Rubber Co.* v. *Sewell Cushion Wheel Co.,* 196 Mich 600; *Jordan* v. *Burghardt,* 227 Mich 301.

See, also, CL 1948, § 618.12 (Stat Ann § 27.992).

The trial judge exceeded his discretion by invading the province of the jury.

Reversed for entry of judgments on the verdicts of the jury. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.