PEOPLE v RINGSTAFF
PEOPLE v COOPER ·
PEOPLE v LOGAN

1. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—LESSER IN-
CLUDED OFFENSES. ·

A trial court may accept guilty pleas to lesser included offenses
over the objection of a prosecutor at arraignment but, such
acceptance does not bar the prosecutor from continuing his
case against a defendant on the more serious offenses with
which he is charged.

2. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—LESSER IN-
CLUDED OFFENSES.

Refusal of a trial court at arraignment to accept defendants'
pleas of guilty of a lesser included offense over the prosecutor's
objection, even though the court was of the opinion the pleas
should be accepted, because of the court's belief that he lacked
the power to accept over the objection, was error, but such an
error is not a basis for reversing subsequent convictions of the
greater offense charged.

3. CRIMINAL LAW—EVIDENCE—FORMER RECORDED TESTIMONY.

A defense witness's testimony given upon a former trial of the
same case is admissible in a retrial when the witness was
unavailable to testify because of his death.

4. CRIMINAL LAW—EVIDENCE—ADMISSION—CREDIBILITY.

A trial judge may not withhold former recorded testimony, which
is otherwise admissible, from a jury because the court believes
the evidence to be incredible.

5. JURY—EVIDENCE—CREDIBILITY.

A jury is the sole judge of the credibility of evidence.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 494.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 343, 344.
[5] 47 Am Jur 2d, Jury § 15.
[6, 7] 21 Am Jur 2d, Criminal Law §§ 180, 195.

6. CRIMINAL LAW—MISTRIAL—DISCRETION—MANIFEST NECESSITY.

> Courts have the inherent power to declare a mistrial in criminal cases without violating a defendant's double jeopardy rights "where a manifest necessity arises or facts are discovered showing that the ends of public justice would be otherwise defeated".

7. CRIMINAL LAW—RETRIAL—MULTIPLE DEFENDANTS—SEVERANCE—CONFRONTATION OF WITNESSES.

> A trial court abused its discretion when it failed to order a mistrial and sever the retrial of multiple defendants *sua sponte* where the admission of former recorded testimony from their previous trials would have violated at least one of the defendants' constitutional rights to confront all witnesses.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 March 8, 1974, at Lansing. (Docket Nos. 17526, 17543, 17517.) Decided May 2, 1974. Leave to appeal applied for.

Charles Ringstaff, Roosevelt Cooper, and Donald Logan were convicted of first-degree murder and conspiracy to commit murder. Defendants appeal. Reversed and remanded for separate new trials.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Joseph L. Hardig, Jr.,* for defendant Ringstaff.

*Thomas Raguso,* for defendant Cooper.

*Albert C. Leader,* for defendant Logan.

Before: McGREGOR, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. BURNS, J. Defendants were indicted on charges of first-degree murder (MCLA 750.316; MSA 28.548) and conspiracy to commit murder (MCLA 750.157a; MSA 28.354[1]) by an Oakland County grand jury. Defendants Ringstaff and Cooper were granted a change of venue. They were tried and convicted in Grand Rapids of first-degree murder and conspiracy to commit murder. Defendant Logan, who was 16 at the time, was within the jurisdiction of the Oakland County Probate Court. Jurisdiction was waived and Logan was ordered to stand trial as an adult. Logan was tried in Mason and was convicted on both counts.

All three defendants were granted new trials. This time, they were tried jointly and convicted on both counts.

While defendants allege numerous errors were committed by the trial court, this Court will deal with only those required to dispose of this case for the moment.

At the arraignment before their second trial, defendants Ringstaff and Cooper offered to plead guilty to second-degree murder. The prosecution objected. The trial judge was of the opinion the pleas should be accepted, but he refused to accept the pleas because he believed he lacked the power to do so over the prosecutor's objection. Defendants Ringstaff and Cooper claim this refusal was a reversible error. We disagree. The Michigan Supreme Court, in the case *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974), has recently held that in circumstances such as those in the present case it is not erroneous for a trial court to accept pleas to lesser included offenses; however, such acceptance does not bar the prosecutor from continuing his case against the defendants on the more serious of-

fenses with which they were charged. Thus, while it was erroneous for the trial court to refuse defendants' pleas, such an error is not a basis for reversing their subsequent convictions for first-degree murder.

Originally, defendants Ringstaff and Cooper were tried in Grand Rapids, and defendant Logan was tried in Mason. At their second trial, the three defendants were tried together. During the second trial, defendants Ringstaff and Cooper attempted to have the testimony given by a witness at the previous trial read into the record, since the witness had died in the interim. Logan objected since he had had no opportunity to cross-examine the witness at the Cooper-Ringstaff trial. The witness had testified at Logan's trial, but her testimony was significantly different from that which she gave in the Cooper-Ringstaff trial. The versions were more favorable to the defendants who cross-examined the witness at the time, and the favoritism came at the expense of the absent party. Consequently, Cooper and Ringstaff objected when Logan proposed to submit the witness's testimony from his former trial. The trial court held that both versions were inadmissible because the testimony (due to its self-contradictory nature) was incredible and because admission of either version as a truthful account would violate at least one defendant's right to confront witnesses. *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), and *People v Hutchings,* 137 Mich 527, 532–533; 100 NW 753 (1904).

We believe this refusal was erroneous. A defense witness's testimony given upon a former trial of the same case is admissible in a subsequent retrial when the witness is unavailable to testify. *People*

*v Farrell,* 146 Mich 264, 268; 109 NW 440 (1906). Since the testimony was otherwise admissible, it was erroneous for the trial judge to withhold it from the jury because he believed it incredible. The jury is the sole judge of credibility. *Bridwell v Segel,* 362 Mich 102; 106 NW2d 386 (1960), *Emery v The Ocean Accident & Guarantee Corp,* 209 Mich 295; 176 NW 566 (1920), and *Smith v Doughty,* 227 Mich 638; 199 NW 663 (1924).

The trial court correctly believed that the admission of the different versions of testimony as truthful accounts would be violative of the defendants' right to confront all witnesses. *Bruton, supra, and Hutchings, supra.* However, the trial court erroneously allowed the trial to proceed after this imbroglio developed. A mistrial should have been declared by the court on its own motion. Michigan courts have the inherent power to declare a mistrial in criminal cases without violating the defendants' double jeopardy rights "where a manifest necessity arises or *facts are discovered showing * * * that the ends of public justice would otherwise be defeated". People v Diamond,* 231 Mich 484, 487; 204 NW 105 (1925). See also *In re Earle,* 316 Mich 295; 25 NW2d 202 (1946), *People v Bigge,* 297 Mich 58; 297 NW 70 (1941), and *People v Henley,* 26 Mich App 15; 182 NW2d 19 (1970). In the present case, the trial court clearly abused its discretion when it failed to use this power. A mistrial should have been declared, and the cases should have been severed for retrial.

Reversed and remanded for new trials.

R. L. SMITH, J., concurred.

McGREGOR, P. J., concurred in the result.