PEOPLE v PETERS

CRIMINAL LAW—JUVENILES—COURTS—JURISDICTION—WAIVER—CASE
    PRECEDENT—RETROACTIVITY.
    Jurisdiction over a juvenile defendant, waived from probate court
    to a criminal court for trial pursuant to statute, was not
    constitutionally acquired by the trial court where the validity
    of the waiver statute was properly questioned before the trial
    court, where the issue was preserved on appeal, and where the
    case was pending prior to the effective date of retroactivity
    under a Supreme Court decision which invalidated the waiver
    statute.

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted Division 1 October 14,
1974, at Detroit. (Docket No. 16327.) Decided No-
vember 6, 1974. Leave to appeal applied for.

Glenn Peters was convicted, on his plea of
guilty, of second-degree murder. Defendant ap-
peals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N.
Bishop,* Assistant Prosecuting Attorney, for the
people.

REFERENCES FOR POINTS IN HEADNOTE
    47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children §§ 16–21.
    Homicide by juvenile as within jurisdiction of a juvenile court. 48
    ALR2d 663.
    Court's power to punish for contempt a child within the age group
    subject to jurisdiction of juvenile court. 77 ALR2d 1004.

*Carl Ziemba,* for defendant on appeal.

Before: Brennan, P. J., and T. M. Burns and
Carland,* JJ.

Carland, J. On December 22, 1971, one Janice
Ott was allegedly killed in the City of Detroit
during the course of an armed robbery. On December 28 of that year, Glenn Peters, the defendant
herein, was placed under arrest as a suspect in the
murder here involved. The defendant was born
February 14, 1955, and was therefore on the dates
mentioned 16 years of age. Following the arrest,
the defendant was taken to the Youth Home and
questioned by the police. The next day, December
29, 1971, a conference was held between the police
and Wayne County Probate Judge James H. Lincoln, from whom the police requested permission
to remove the defendant from the Youth Home
and take him to police headquarters for the purpose of taking blood and hair samples and administering a polygraph test. Judge Lincoln advised
the police to obtain the consent of a Mr. and Mrs.
O'Neal, cousins of the defendant and with whom
he was making his home. (The mother of defendant was deceased and the whereabouts of his
father unknown.) The consent of the O'Neals was
obtained. No guardian ad litem was appointed nor
was the defendant represented by an attorney.

Following this conference with Judge Lincoln,
the defendant was taken before a juvenile referee
where he was advised of his rights to an attorney
at public expense if he was financially unable to
furnish one for himself. The defendant was further
advised that any statements made by him and the
results of any tests administered could be used

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

against him. Although the defendant acknowledged that he understood his rights, it does not appear that he ever specifically waived his right to have an attorney present.

At the conclusion of the hearing before the referee, defendant was then taken by the police to headquarters where samples of his hair and blood were taken. Before the polygraph test was administered, his *Miranda* [1] rights were read to him and at the request of the police, he wrote on the rights form his reason for taking the test. The defendant wrote "To prove that I didn't do it". The defendant was then told to read the rights form and sign the same, which he did. No objection was made by Mrs. O'Neal who was present.

After the polygraph was completed, the defendant was advised that he had failed the test and the defendant thereupon said "I did. I stabbed her".

It should be remembered that apparently there was no stenographic record made of what occurred at the conference with Judge Lincoln, nor of the proceedings before the referee. No formal order was entered authorizing the police to take custody of the defendant, remove him from the Youth Home or to question him or administer tests. No attorney was appointed for the defendant until the time of the formal waiver hearing. On February 15, 1972 such formal waiver hearing was held and Judge Lincoln issued and signed an order waiving the jurisdiction of the juvenile division over the defendant to the Recorder's Court of the City of Detroit under the provisions of MCLA 712A.4; MSA 27.3178(598.4) which provided:

"In any case where a child over the age of 15 years is accused of any act the nature of which constitutes a

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

felony, the judge of probate of the county wherein the offense is alleged to have been committed may, after investigation and examination, including notice to the prosecuting attorney, and parents or guardians if addresses are known, and upon the court's own motion or motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense."

On March 6, 1972, a warrant was issued charging defendant with first-degree murder. Following preliminary examination on March 15, 1972, the defendant was bound over for trial, and upon arraignment stood mute and a plea of not guilty was entered for him. On September 19, 1972, a motion to quash the information on the grounds that the above cited waiver statute was unconstitutional was heard and denied.

On October 26, 1972, the defendant pled guilty to second-degree murder, MCLA 750.317; MSA 28.549. The defendant was sentenced to life imprisonment on November 22, 1972 and appeals as a matter of right. The people have filed a motion to affirm.

The real question before this Court is whether the statute, MCLA 712A.4; MSA 27.3178(598.4), is unconstitutional when applied to the facts existing in this case. In *People v Fields,* 388 Mich 66; 199 NW2d 217 (1972), the Supreme Court determined that the absence of standards to guide a probate judge in deciding waiver requests fatally flawed the statute and thus declared it to be unconstitutional. On rehearing in *Fields,* 391 Mich 206; 216 NW2d 51 (1974), the Court adhered to its original holding as to the unconstitutionality of the statute and went on to specify the circumstances under which its decision was to have retroactive effect. On page 221, the Court said:

"We hold that the retroactive effect of this decision is limited to those cases pending prior to October 3, 1972 (the date 1972 PA 265 was signed into law and given immediate effect) in which the issue of waiver was raised before the trial court and properly preserved on appeal."

Since the instant case was pending prior to October 3, 1972, and since the issue was properly raised before the trial court and preserved on appeal, we hold that the recorder's court never constitutionally acquired jurisdiction over the person of the defendant.

We further conclude that the other issues advanced by the defendant were not raised in the court below (only "poisonous tree" doctrine was argued) and therefore not subject to review on appeal.

The motion to affirm is denied. We reverse and discharge the defendant without prejudice to the taking of proper and timely procedures whereby the defendant may be tried as an adult.

All concurred.