PEOPLE v RINGSTAFF
PEOPLE v COOPER
PEOPLE v LOGAN

## *ORDER*

Entered December 26, 1974; as amended March 26, 1975.—RE-
PORTER.

On order of the Court, the application by plaintiff-appellant for leave to appeal is considered, and the same is hereby granted.

The Court, *sua sponte,* pursuant to GCR 1963, 865.1(7), reverses the Court of Appeals' decision.

The Court of Appeals reversed because the trial court had failed to declare a mistrial on its own motion when the defendants Ringstaff and Cooper sought to have read to the jury the testimony of a deceased witness who had testified at their earlier trial and defendant Logan objected because he had not had an opportunity to cross-examine the witness at that trial. The witness had testified at an earlier separate trial of Logan but Cooper and Ringstaff objected when Logan proposed to submit the witness's testimony from his former trial.

The trial court refused to admit either version of the deceased witness's testimony.

The failure to read the transcripts of the deceased witness's testimony does not require still another trial. At both trials, the witness testified that she could not recognize any of the boys who were in her home. Her testimony had no exculpatory tendency and did not assist in deciding the critical issues.

Inasmuch as the witness was deceased, the prosecutor had no duty to produce her. Since the witness's testimony had no exculpatory tendency and did not assist in deciding the critical issue, the failure to admit the transcripts or to declare a mistrial is not reversible error.

The cause is remanded to the Court of Appeals for consideration of remaining issues raised in the defendants' briefs previously filed with that Court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people. *Joseph L. Hardig, Jr.,* for defendant Ringstaff. *Thomas Raguso,* for defendant Cooper. *Albert C. Leader,* for defendant Logan. (Docket No. 56052.) Reported below: 53 Mich App 223.