PEOPLE v RINGSTAFF (ON REMAND)
PEOPLE v COOPER (ON REMAND)
PEOPLE v LOGAN (ON REMAND)

1. INFANTS—JUVENILES—PROBATE COURT—WAIVER OF JURISDICTION—
JUVENILE COURT RULES.

A probate court's waiver of jurisdiction over a minor to circuit court is valid where the minor was afforded the benefit of the standards set forth in the juvenile court rule on waiver of jurisdiction; the court rule was enacted to ensure procedural due process in the handling of juvenile court cases; it represents a valid expression of the authority of the Supreme Court to advance through court rule an extra-statutory provision for waiver of jurisdiction (JCR 1969, 11).

2. STATUTES—AMENDMENTS—WORDS AND PHRASES.

An unsuccessful attempted amendment to a statute is a nullity, leaving the law as it was before the attempt to amend it was made.

3. WITNESSES—AVAILABILITY—CRIMINAL LAW—QUESTIONS BY PROSE-
CUTOR—OBJECTIONS—INSTRUCTIONS—FAIR TRIAL—MISTRIAL.

Defendants were not entitled to a mistrial and were not deprived of a fair trial where an assistant prosecutor asked a detective if there were any warrants outstanding on a missing defense witness even though the question was irrelevant and it was sufficient for the court to know that the witness was unavailable to testify in order to allow her testimony at a previous trial to be read into evidence, and where a defense objection was sustained, the question was never answered, and the court gave a curative instruction.

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 16 et seq.
[2] 73 Am Jur 2d, Statutes § 2.
[3] 75 Am Jur 2d, Trial § 192 et seq.
[4] 38 Am Jur 2d, Grand Jury § 26.
[5] 21 Am Jur 2d, Criminal Law §§ 185, 494.
76 Am Jur 2d, Trial §§ 876–882.
[6] 21 Am Jur 2d, Criminal Law § 127.

4. GRAND JURY—SCOPE OF INQUIRY.

An order impaneling a citizens' grand jury need not be specific in the scope of inquiry; a grand jury is convened for the general purpose of investigating all such charges of crime as may be brought to its consideration.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

Failure to instruct on lesser included offenses is not error where the defendants affirmatively requested that the court not instruct on lesser included offenses.

6. CRIMINAL LAW—SEPARATE TRIALS—DISCRETION—STATUTES.

A court within its sound discretion may grant separate criminal trials; its denial of separate trials is not an abuse of discretion absent an affirmative showing of substantial prejudice where defendants are charged with the same crime and the same evidence is to be used to implicate all defendants in the joint commission of the crime (MCLA 768.5).

Appeal from Oakland, James S. Thorburn, J. Submitted March 8, 1974, at Lansing. (Docket Nos. 17526, 17543, 17517.) Decided October 13, 1975. Leave to appeal applied for.

Charles Ringstaff, Roosevelt Cooper, and Donald Logan were convicted of first-degree murder and conspiracy to commit murder. Defendants appealed. Reversed and remanded for a new trial, 53 Mich App 223. Leave to appeal granted by the Supreme Court. Reversed and remanded to the Court of Appeals for consideration of issues not decided at the original hearing, 393 Mich 263. On remand, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Joseph L. Hardig, Jr.,* for defendant Ringstaff.

*Thomas Raguso,* for defendant Cooper.

*Albert C. Leader,* for defendant Logan.

Before: Lesinski, C. J., and R. B. Burns and McGregor, JJ.

R. B. Burns, J. The Supreme Court remanded this case to our Court to consider issues not decided at the original hearing. This case was reported in 53 Mich App 223; 218 NW2d 859 (1974), wherein we reversed the trial court and granted the defendants a new trial because the trial judge had refused to let the defendants read into evidence the transcripts of testimony of a deceased witness at a prior trial.

The Supreme Court held via order, *People v Ringstaff,* 393 Mich 263; 224 NW2d 287 (1974), that the testimony did not "assist in deciding the critical issues [and] * * * the failure to admit the transcripts or to declare a mistrial is not reversible error". The case was remanded for us to consider the remaining issues. We have considered the other issues presented and affirm.

Defendant Logan raises one issue not raised by the other defendants. He claims that MCLA 712A.4; MSA 27.3178(598.4), which provides the procedure for probate court to waive jurisdiction over a minor to circuit court, is unconstitutional in that it fails to establish standards.

The other issues raised by all defendants are as follows:

1. Did the trial court err by refusing to accept defendants' offers to plead guilty to second-degree murder?

2. Did the trial court err by refusing to grant a mistrial when the prosecutor asked a police officer if a warrant was outstanding for a defense witness,

and the court sustained defendants' objection and gave a curative instruction?

3. Were the defendants' indictments as returned by the citizen's grand jury defective for lack of specificity as to scope of inquiry?

4. Did the trial court err by not instructing the jury on lesser included offenses?

5. Could the defendants be tried for conspiracy to commit murder when three alleged coconspirators were found not guilty?

6. Could the trial judge refuse to admit testimony of a deceased witness given at a prior trial?

7. Did the trial judge err by refusing to grant a motion for severance?

We turn first to the waiver of jurisdiction over defendant Logan to circuit court.

MCLA 712A.4; MSA 27.3178(598.4) was declared unconstitutional by the Supreme Court in *People v Fields,* 388 Mich 66; 199 NW2d 217 (1972) *[Fields I],* and again *on rehearing,* 391 Mich 206; 216 NW2d 51 (1974) *[Fields II].* At the time of *Fields I* the statute read as follows:

"In any case where a child over the age of 15 years is accused of any act the nature of which constitutes a felony, the judge of probate of the county wherein the offense is alleged to have been committed *may,* after investigation and examination, including notice to parents if address is known, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense." (Emphasis added.)

The rationale of *Fields I* was stated at 388 Mich 77:

"If the Legislature is to treat some persons under the

age of 17 differently from the entire class of such persons, excluding them from the beneficient processes and purposes of our juvenile courts, the Legislature must establish suitable and ascertainable standards whereby such persons are to be deemed adults and treated as such subject to the processes and penalties of our criminal law. The statute is unconstitutional because it lacks standards."

The statute was subsequently amended by the Legislature to remedy the defect by providing for standards. 1972 PA 265, § 1. Pursuant to this amendment, the Court in *Fields II* specifically restricted the temporal applicability of its holding, at 391 Mich 221:

"We hold that the retroactive effect of this decision is limited to those cases pending prior to October 3, 1972 (the date 1972 PA 265 was signed into law and given immediate effect) in which the issue of waiver was raised before the trial court and properly preserved on appeal."

Defendant Logan qualifies under these criteria. It must therefore be determined if his waiver was justified by competent authority other than the invalidated statute. We specifically consider JCR 1969, 11. This court rule, "Waiver of Jurisdiction", contains the specific standards for direction of the probate court's discretion that were absent in the statute.

This Court considered the question of waiver under JCR 1969, 11, on three occasions after *Fields I* and before *Fields II*. In each case the Court upheld the validity of the waivers declared pursuant to the rule. *People v Jackson,* 46 Mich App 764; 208 NW2d 526 (1973), *People v Rubin Williams,* 50 Mich App 270; 213 NW2d 307 (1973), *People v White,* 51 Mich App 1; 214 NW2d 326 (1973). Since *Fields II* the issue has arisen two

times more.[1] *People v Peters,* 56 Mich App 305; 224 NW2d 65 (1974), reached the opposite result by failing to even mention the court rule in finding the waiver invalid due to the unconstitutionality of the statute. By contrast, in *People v Samuels,* 62 Mich App 214; 233 NW2d 520 (1975), the Court bluntly declared waivers under JCR 1969, 11, to be "constitutional" (purportedly on the authority of *Jackson, Rubin Williams,* and *White),* and implied further that the Supreme Court in *Fields II* had tacitly approved the validity of JCR 1969, 11, waiver proceedings.

Any such approval in *Fields II* is no more than implicit. *Fields II* recognizes that "[w]hile this Court cannot enact substantive laws, it does have the authority to decide upon the procedures to be followed in the courts of this state". 391 Mich at 215, relying on *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). The dissent of former Justice ADAMS (the author of *Fields I)* in *People v Rubin Williams, supra,* 50 Mich App at 278, maintains that this type of waiver "is not *procedure,* but rather * * * a *substantive* matter". (Emphasis in original.) Nevertheless, we must defer to the judgment of the Supreme Court: "[In enacting JCR 1969, 11] this Court * * * undertook with the help of the probate judges, to insure *procedural* due process in the handling of juvenile court cases". *Fields II, supra,* p 216. (Emphasis in original.) So classified, JCR 1969, 11, represents a valid expression of the authority of the Supreme Court to advance through court rule this "extra-statutory" provision for waiver of jurisdiction.

It must be determined if defendant Logan was afforded the benefit of the standards set forth in

---

[1] *People v Bowers,* 54 Mich App 565; 221 NW2d 472 (1974), considered JCR 1969, 11, to the point of determining that it had not been adequately complied with in that case.

JCR 1969, 11. The record reveals that he was, and the waiver of jurisdiction is therefore valid.

We observe further that a finding of ineffectiveness of JCR 1969, 11, would not portend a different result in cases "pending prior to October 3, 1972" and otherwise qualified under *Fields II.* As noted by now Justice FITZGERALD for the Court in *People v White, supra,* p 4:

> "[If the] court erred in concluding that a general court rule can supply the missing elements of due process which a statute lacks, waiver of jurisdiction in the instant case would automatically follow by virtue of the validation of 1944 PA 54, § 4 which requires mandatory waiver of jurisdiction of 15- and 16-year-old juveniles accused of crimes carrying a maximum penalty of 5 years or more."

This is a recognition of the settled principle that an unsuccessful attempted amendment to a statute is a nullity, leaving the law as it was before the abortive attempt to amend. *People v Smith,* 246 Mich 393; 224 NW 402 (1929), *Detroit v Western Union Telegraph Co,* 130 Mich 474; 90 NW 283 (1902), *Campau v Detroit,* 14 Mich 276 (1866).

Defendant Logan qualifies for mandatory waiver under the "reactivation" of 1944 PA 54, § 4, the prior formulation of the unconstitutionally amended statute. Thus, on either of the above theories, his waiver in this action was justified. We turn to the remaining issues common to all defendants.

Defendants claim that the trial judge erred by refusing to accept defendants' offers to plead guilty to second-degree murder. This claim was answered in *People v Ringstaff,* 53 Mich App 223; 218 NW2d 859 (1974).

Defendants claim that the trial court erred by

not granting a mistrial when the assistant prosecutor asked Detective Irwin if there were any outstanding warrants for Shirley Mae Williams, a missing witness for the defense. The people assert that the judge erred by sustaining the defense objections. They claim that the question was relevant to show why the subpoena could not be served.

In our opinion the trial judge was correct. In this particular case it was not necessary for the prosecutor to enlighten the jury as to why the people could not serve a subpoena on Shirley Mae Williams. It was sufficient for the court to know that she was unavailable to testify in order to allow her testimony at the previous trial to be read. The objection was correctly sustained. The question was never answered and the judge gave a curative instruction. The question did not deprive defendants of a fair trial.

*People v Lay,* 193 Mich 476; 160 NW 467 (1916), refutes defendants' contention that an order impaneling a citizens' grand jury must be specific in the scope of inquiry. As the Court stated on page 485:

"A grand jury is convened for the general purpose of investigating all such charges of crime as may be brought to its consideration."

Defendants' claim that the trial court erred by not instructing the jury on lesser included offenses over defendants' own express request to the contrary is answered by *People v Burton,* 46 Mich App 20, 24; 207 NW2d 415 (1973), where Chief Judge LESINSKI stated for the Court:

"The defendant having affirmatively requested that

the court not instruct on the lesser offense * * * cannot on this point obtain a reversal or new trial."

Defendants rely on *People v Frye,* 248 Mich 678; 227 NW 748 (1929), and *People v Alexander,* 35 Mich App 281; 192 NW2d 371 (1971), for the proposition that defendants cannot be found guilty of conspiracy where three persons charged with the same conspiracy are acquitted. This reliance is unfounded.

*People v Frye* involved a charge of bribery where the Court made a general statement to the effect that conspiracy by its very nature was an exception to the general rule that a conviction or acquittal of one defendant has no legal effect upon the status of the other defendant.

In *People v Alexander* there were only two defendants. The Court noted at 35 Mich App 282 that "[t]here is no such thing as a one-man conspiracy". (Citations omitted.) In this case, however, the acquittal of three men accused of conspiracy does not diminish the capability of the three defendants to conspire to commit murder.

The Supreme Court answered defendants' claim that the trial judge erred by refusing to admit the testimony of Ida Mae Barnes by stating that the testimony did not "assist in deciding the critical issues". 393 Mich 263.

Lastly, defendants claim that the trial judge erred by not granting separate trials. By statute, the granting of separate trials is within the sound discretion of the trial judge. MCLA 768.5; MSA 28.1028. In a case where defendants are charged with the same crime, and where the same evidence is to be used to implicate all the defendants in the joint commission of the crime, the denial of separate trials is not an abuse of discretion absent an

affirmative showing of substantial prejudice. *People v Schram,* 378 Mich 145; 142 NW2d 662 (1966), *People v Clark,* 57 Mich App 339; 225 NW2d 758 (1975). The trial judge did not err by denying the defendants' motion to sever the case for trial.

Affirmed.