PEOPLE v BAGERIS

PEOPLE v LOCRICCHIO

PEOPLE v MITTLEMAN

PEOPLE v SINGER

Docket Nos. 78-4063, 78-4064, 78-4065, 78-4066. Submitted November 7, 1979, at Lansing.—Decided December 18, 1979.

Robert P. Bageris, Matthew Locricchio, Robert Mittleman and David Singer were charged with conspiracy to violate the state gambling act. The district court dismissed the complaint on the basis that the gambling act did not apply to the situation involved. The Oakland Circuit Court, Arthur E. Moore, J., reviewed the action of the district court and remanded the cause, deciding that the district judge erred in construing the applicable law. The Court of Appeals affirmed the circuit court's remand to the district court for further appropriate action, *Oakland County Prosecutor v 46th District Judge*, 76 Mich App 318 (1977). Upon remand, the district court judge, acting as a preliminary examination magistrate, ordered the defendants bound over to the Oakland Circuit Court for trial. Thereafter, the defendants moved in Oakland Circuit Court to quash the information. Robert B. Webster, J., granted the motion and dismissed the charges against the defendants on the grounds that the corpus delicti of the conspiracy had not been sufficiently established, and that the magistrate had abused his discretion in binding defendants over. The people appeal. *Held:*

There was testimony presented at the preliminary examination that the defendants had engaged in a high stakes card game on one evening and that they discussed playing again the next evening. Further testimony indicated that the defendants

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 164, 267.

  5 Am Jur 2d, Appeal and Error §§ 772-774.

[2] 21 Am Jur 2d, Criminal Law §§ 449, 450.

[3] 16 Am Jur 2d, Conspiracy § 2.

[4] 16 Am Jur 2d, Conspiracy § 42.

did, in fact, play on the following evening. Even if this testimony is discounted, an implicit conspiratorial agreement may be inferred from the participation of the defendants in a card game played for stakes, as gambling requires the concerted activity of the participants. The evidence adduced at the preliminary examination was sufficient to establish the corpus delicti of the offense charged. The examining magistrate did not abuse his discretion in binding the defendants over for trial on the charge of conspiracy to gamble. The circuit court's determination to the contrary was erroneous.

Reversed and remanded for trial.

1. APPEAL AND ERROR — CRIMINAL LAW — QUASHING OF INFORMATION — MAGISTRATES — DISCRETION.

The Court of Appeals, when it reviews the action of a circuit court in quashing an information, must examine the record to determine if the circuit court is correct in determining that the examining magistrate committed an abuse of discretion; in examining the record to assess the propriety of the circuit court's ruling, the Court of Appeals must be mindful of the responsibilities of the magistrate.

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — MAGISTRATES — PROBABLE CAUSE — STATUTES.

The statutory duty of a magistrate at a preliminary examination is to bind a defendant over for trial if it appears at the conclusion of the preliminary examination that a felony has been committed and that there is probable cause to believe that the defendant committed it; the magistrate is not required to find the guilt of the defendant established beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred (MCL 766.13; MSA 28.931).

3. CONSPIRACY — MUTUAL UNDERSTANDING — UNLAWFUL ACT — UNLAWFUL MEANS.

Criminal conspiracy is a mutual understanding or agreement between two or more persons, express or implied, to do or accomplish some criminal or unlawful act or to accomplish some lawful act or purpose not in itself criminal but by criminal or unlawful means.

4. EVIDENCE — CONSPIRACY — CRIMINAL LAW — CIRCUMSTANTIAL EVIDENCE — INFERENCE.

A criminal conspiracy may be established by circumstantial evidence and may be based on inference.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Ivan E. Barris* and *Michael H. Golob,* for defendant Bageris.

*Lawrence B. MacDonald, P.C.,* for defendant Locricchio.

*Rader, Eisenberg & Feldman, P.C.,* for defendant Mittleman.

*Isaacson & Isaacson,* for defendant Singer.

Before: R. M. MAHER, P.J., and MACKENZIE and J. H. PIERCEY,* JJ.

PER CURIAM. Defendants were charged with conspiracy to violate the state gambling act, MCL 750.301 *et seq.;* MSA 28.533 *et seq.;* MCL 750.157a; MSA 28.354(1). The district court judge dismissed the complaint on the basis that the gambling act did not apply to this factual situation. The circuit court reviewed the action of the district judge and remanded the cause, deciding that the district judge erred in construing the applicable law. This Court affirmed the circuit court's remand to the district court for further appropriate action, *Oakland County Prosecutor v 46th District Judge,* 76 Mich App 318; 256 NW2d 776 (1977).

Upon remand, the district judge, acting as a preliminary examination magistrate, ordered de-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

fendants bound over for trial to the Oakland County Circuit Court. Thereafter, the defendants moved the circuit court judge to quash the information. The circuit judge granted defendants' motion, dismissing the charges against them on the grounds that the corpus delicti of the conspiracy had not been sufficiently established, and that the preliminary examination magistrate abused his discretion in ruling to the contrary. From this determination, plaintiff appeals as of right.

When this Court reviews the action of a circuit court judge in quashing an information, it must examine the record to determine if the circuit court judge is correct in determining that the magistrate committed an abuse of discretion, *People v Karcher,* 322 Mich 158, 162-163; 33 NW2d 744 (1948), *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974). In examining the record to assess the propriety of the circuit court's ruling, then, we must be mindful of the responsibilities of the magistrate.

The statutory duty of the magistrate at a preliminary examination is to bind the defendant over for trial if it appears at the conclusion of the preliminary examination that a felony has been committed and there is probable cause to believe that the defendant committed it. The magistrate is not required to find the guilt of the defendant established beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred. MCL 766.13; MSA 28.931, *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979), *People v Wirth,* 87 Mich App 41; 273 NW2d 104 (1978).

Plaintiff argues in support of the preliminary examination evidence which was offered to establish the corpus delicti of the conspiracy. The cir-

cuit judge ruled this evidence insufficient as a matter of law.

Criminal conspiracy is a mutual understanding or agreement between two or more persons, express or implied, to do or accomplish some criminal or unlawful act or to accomplish some lawful act or purpose not in itself criminal but by criminal or unlawful means. *People v O'Connor,* 48 Mich App 524, 525; 210 NW2d 805 (1973), *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974), *People v Hintz,* 69 Mich App 207, 217; 244 NW2d 414 (1976). A conspiracy may be established by circumstantial evidence and may be based on inference, *People v Atley, supra,* at 311.

The element of the crime of conspiracy at issue is the agreement. There was testimony presented at the preliminary examination that the defendants had engaged in a high stakes card game on one evening and that they discussed playing again the next evening. This testimony further provided that the defendants did, in fact, play on the following evening. Based on this direct evidence of a conspiratorial agreement, we are not prepared to hold that the preliminary examination magistrate abused his discretion.

Moreover, even if this testimony is discounted, a conspiratorial agreement may be inferred from the participation of the defendants in a card game played for stakes, as gambling requires the concerted activity of the participants. See *Oakland County Prosecutor v 46th District Court, supra.* It is difficult to see how the defendants could gamble together without the existence of at least an implicit agreement to gamble.

In view of the foregoing, we find that the preliminary examination magistrate did not abuse his discretion in binding the defendants over on the

conspiracy to gamble charge. The evidence adduced at the preliminary examination was sufficient to establish the corpus delicti of this offense. The circuit court's determination to the contrary was erroneous.

Reversed and remanded for trial.