PEOPLE v BRAYLOCK

Docket No. 57595. Submitted October 7, 1981, at Grand Rapids.—
     Decided July 13, 1982.

     By an original information and a first amended information filed
     in Muskegon Circuit Court, Richard Braylock, Sidney Clark,
     Jack Cochran, James Cochran, Linwood Lee, Homer Rudd,
     Betty Smith, Edith Y. Spears and Selton Williams were
     charged under the general conspiracy statute with conspiracy
     to violate the gambling laws. The prosecutor then filed a second
     amended information charging that defendants conspired to
     violate the gambling laws both under the general conspiracy
     statute and under statutes making the acceptance of wagers,
     the operation of a gaming house and the possession of gambling
     paraphernalia misdemeanors. Defendants moved to quash the
     amended information, arguing that the proofs taken at the
     preliminary examination showed acts which, if criminal at all,
     were a violation of the statute which bans all illegal lotteries.
     The court, John H. Piercey, J., granted defendants' motion to
     quash and ordered the prosecutor to refile an information
     specifically charging, to the exclusion of other charges, the
     crime of conspiracy to establish a lottery. The prosecutor's
     application for leave to take an interlocutory appeal was
     granted by the Court of Appeals. *Held:*

     The prosecution's second amended information was correct as
     filed. The trial court erred by quashing the information.

     Reversed and remanded.

1. CONSPIRACY — UNLAWFUL ACTIVITY.

     A conspiracy is a partnership in criminal purposes, a combination
     or agreement with others to do something unlawful.

2. CONSPIRACY — SEPARATE OFFENSE.

     A conspiracy is a separate and distinct offense from the offense

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Conspiracy § 2.
[2, 3] 16 Am Jur 2d, Conspiracy §§ 11, 33.
[2-4] 41 Am Jur 2d, Indictments and Informations § 217.
[3, 4] 38 Am Jur 2d, Gambling § 33.
     Criminal conspiracies as to gambling. 91 ALR2d 1148.

which is the object of the conspiracy; therefore, an information charging a conspiracy to commit a number of offenses is not bad for duplicity since there is one conspiracy with a multiplicity of criminal activities as objects.

3. CONSPIRACY — GAMBLING.

It is common practice in gambling conspiracy cases to charge, under the general conspiracy statute, conspiracy to violate several and various of the individual gambling statutes, including the statute against wagering, the statute against keeping a gaming house, and the statute against possession of gambling paraphernalia (MCL 750.157a[b], 750.301, 750.302, 750.306; MSA 28.354[1][b], 28.533, 28.534, 28.538).

4. CONSPIRACY — INFORMATIONS — PENALTIES.

Violations of numerous individual gambling laws may be alleged and shown as objects of a conspiracy in a criminal information charging general conspiracy; however, the prosecution is for the general conspiracy, and the penalty is five years imprisonment or a $10,000 fine, or both, regardless of the number of alleged objects of the conspiracy (MCL 750.157a[b]; MSA 28.354[1][b]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Stephen C. Corwin,* Chief Assistant Prosecuting Attorney, for the people.

*Parmenter, Forsythe, Rude, Gavigan, Van Epps & Briggs* (by *David L. Bossenbroek),* for defendants.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and R. ROBINSON,* JJ.

PER CURIAM. Defendants were charged under the general conspiracy statute, MCL 750.157a(b); MSA 28.354(1)(b), with conspiracy to violate the gambling laws. At the conclusion of the preliminary examination, the magistrate found sufficient evidence of a conspiracy to operate a "numbers

* Circuit judge, sitting on the Court of Appeals by assignment.

business" and probable cause to believe defendants participated in the conspiracy, and bound defendants over on the charge.

In circuit court, the prosecutor filed an original and first amended information, charging conspiracy to violate the gambling laws under the general conspiracy statute, MCL 750.157a(b); MSA 28.354(1)(b). However, by second amended information, the prosecution charged that defendants conspired to violate the gambling laws, both under the general conspiracy statute and under MCL 750.301; MSA 28.533, the misdemeanor of accepting wagers; under MCL 750.302; MSA 28.534, the misdemeanor of operating a gaming house; and under MCL 750.306; MSA 28.538, the misdemeanor of possession of gambling paraphernalia.

Defendants moved to quash the amended information, arguing that the proofs taken at the preliminary examination showed acts which, if criminal at all, were a violation of MCL 750.372; MSA 28.604, which bans illegal lotteries. The circuit court granted defendants' motion to quash and ordered the prosecutor to refile an information specifically charging, to the exclusion of other charges, the crime of conspiracy to establish a lottery, contrary to MCL 750.372; MSA 28.604. The court ruled that defendants were bound over on a charge of conspiracy to conduct a lottery because (1) the district court found a conspiracy to operate a "numbers business" and (2) under *People v Elliott,* 74 Mich 264; 41 NW 916 (1889), a numbers business is a lottery.

This Court granted the prosecution's application for leave to take an interlocutory appeal. We find that the prosecution's second amended information was correct as filed and reverse.

A conspiracy is a partnership in criminal pur-

poses, a combination or agreement with others to do something unlawful. *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974); *People v Bageris,* 94 Mich App 396; 288 NW2d 439 (1979). A conspiracy is a separate and distinct offense from the offense which is the object of the conspiracy. *People v Norwood,* 312 Mich 266; 20 NW2d 185 (1945); *People v Ormsby,* 310 Mich 291; 17 NW2d 187 (1945). Hence, an information charging a conspiracy to commit a number of offenses is not bad for duplicity since there is one conspiracy with a multiplicity of criminal activities as objects. *People v Chambers,* 279 Mich 73; 271 NW 556 (1937). In the present case, a single information may charge conspiracy to violate the gambling laws by charging a conspiracy to gamble, a conspiracy to keep a gambling place, and a conspiracy to possess gambling paraphernalia. *People v Gant,* 363 Mich 407; 109 NW2d 873 (1961).

It appears to be common practice in gambling conspiracy cases to charge, as the prosecutor has here, conspiracy under the general conspiracy statute to violate several and various of the individual gambling statutes, including the statute against wagering, the statute against keeping a gaming house, and the statute against possession of gambling paraphernalia. See, for example, *People v Brynski,* 347 Mich 599; 81 NW2d 374 (1957); *People v Sobczak,* 344 Mich 465; 73 NW2d 921 (1955); *People v Bageris, supra; Oakland County Prosecutor v 46th Dist Judge,* 76 Mich App 318; 256 NW2d 776 (1977). Although violations of numerous individual gambling laws may be alleged and shown as objects of the conspiracy, the prosecution is for the general conspiracy. The penalty is five years under MCL 750.157a(b); MSA 28.354(1)(b), regardless of the number of objects alleged.

We also note that the magistrate did not limit the bindover to a charge of conspiracy to operate a numbers game or lottery. Rather, he bound defendant over for conspiracy to violate the gambling laws, the same offense alleged by the prosecution in its second amended information. Further, the objects alleged in the second amended information, accepting wagers, keeping a gaming house, and possession of gambling paraphernalia, were offenses disclosed by the preliminary examination and based upon the same transaction as the general conspiracy. See *People v Annis,* 13 Mich 511, 514-515 (1865); *People v Burd No 1,* 13 Mich App 307, 319; 164 NW2d 392 (1968) (QUINN, J., *dissenting).* Accordingly, the court erred by quashing the information.

Reversed and remanded for further proceedings.