PEOPLE v AYOUB

Docket No. 78432. Submitted May 9, 1985, at Grand Rapids.—Decided
December 23, 1985. Leave to appeal denied, 425 Mich 868.

Defendant, John N. Ayoub, was convicted of receiving and con-
cealing stolen property over $100 and conspiracy to receive and
conceal stolen property over $100, Kent Circuit Court, George
R. Cook, J. At trial, a taped conversation between several of
defendant's alleged coconspirators was introduced. Defendant
appealed, alleging that the taped conversation was inadmissible
hearsay. *Held:*

There was no evidence that the conspiracy was continuing
when the conversation took place. Evidence that the conspiracy
was kept a secret and that conspirators took care to conceal
their conspiracy is not evidence showing that the original
conspiracy was continuing. Since admissions and statements of
a codefendant are admissible against another defendant only if
there exists a concert of action between the defendants and the
statements are made while the common scheme or plan is still
in effect, the taped conversation was inadmissible.

Reversed.

1. Criminal Law — Admissions — Codefendants.

Admissions and statements of a codefendant are admissible
against another defendant if there exists a concert of action
between the defendants and the statements are made while the
common scheme or plan is still in effect.

2. Criminal Law — Evidence — Hearsay — Conspiracy — Agency.

Statements declared by a coconspirator or one engaged in a
concert of action are hearsay if used against another member
of the conspiracy, but a widely recognized exception to the

References

Am Jur 2d, Conspiracy §§ 16 *et seq.,* 40 *et seq.*

Am Jur 2d, Evidence §§ 493 *et seq.,* 1148 *et seq.*

Comment note on necessity and sufficiency of independent evidence
of conspiracy to allow admission of extrajudicial statements of co-
conspirators. 46 ALR3d 1148.

Admissibility of statements of coconspirators made after termina-
tion of conspiracy and outside accused's presence. 4 ALR3d 671.

hearsay rule allows the use of those statements if the conspiracy is properly proven by evidence independent of the hearsay, under the rationale that the agency relation charges each conspirator with declarations and admissions of other conspirators.

3. CRIMINAL LAW — EVIDENCE — HEARSAY — CONSPIRACY — RULES OF EVIDENCE.

Admissions and statements of coconspirators are admissible where they are made while the common scheme or plan of the conspiracy is still in effect and where it is made to advance the common objective and criminal purpose (MRE 801[d][2][E]).

4. CONSPIRACY — CRIMINAL LAW.

The elements of the crime of conspiracy consist of (1) an agreement (2) to do something unlawful or to do something lawful in an unlawful way.

5. CONSPIRACY — ARREST.

Participation in a conspiracy by a coconspirator ends with an arrest.

6. CONSPIRACY — EVIDENCE.

Evidence that a conspiracy was kept a secret and that the coconspirators took care to conceal their conspiracy is not evidence showing that the original conspiracy was continuing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Michael F. Kelly, P.C.* (by *Michael F. Kelly),* for defendant on appeal.

Before: SHEPHERD, P.J., and R. M. MAHER and W. R. PETERSON,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803, and conspiracy to receive and conceal stolen property over $100, MCL 750.157a; MSA 28.354(1).

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was sentenced to 18 months probation, 25 days in jail, 120 hours of community service and a $750 fine and now appeals as of right.

Defendant offers three grounds for reversal. Because we reverse on one of those grounds, it is not necessary to consider the other issues. Defendant asserts that a taped conversation between Leonard Laymon and Susan Roberts, who allegedly sold the stolen merchandise to defendant, and Michael Wawee, a business acquaintance who introduced Laymon and Roberts to the defendant, constituted hearsay and was improperly admitted as evidence against defendant.[1] It is well-settled that admissions and statements are admissible against another defendant if there exists a concert of action between the defendants and the statements are made while the common scheme or plan is still in effect. The two defendants do not actually have to be charged with conspiracy so long as there is independent evidence of the required concert of action. *People v Shepherd,* 63 Mich App 316, 322; 234 NW2d 502 (1975); *People v Marland,* 135 Mich App 297, 308; 355 NW2d 378 (1984).

Statements of a coconspirator are hearsay if they are used against another member of the conspiracy. However, a widely recognized exception to this rule allows use of the statements if a prima facie case of conspiracy is established by evidence independent of the alleged hearsay. The rationale for this rule is that the agency relationship between coconspirators charges each conspirator with the admissions of the other. *People v Stewart,* 397 Mich 1, 9; 242 NW2d 760 (1976), *reh on other issues* 400 Mich 540; 256 NW2d 31 (1977). Prima facie evidence means evidence which is

---

[1] The transcript of the tape was edited by the trial court for submission to the jury. Of the 26 page transcript, the jury heard only the first 10 pages, from which deletions had been made.

sufficient to justify, but not compel, an inference of guilt. *Stewart,* 397 Mich 6, fn 1.

In the instant case there was evidence other than the taped conversation which was sufficient to present a prima facie case of conspiracy. Thus, for this reason the taped conversation fell within the exception to the hearsay rule.[2]

Defendant also argues, however, that the taped conversation was inadmissible because the conspiracy had ended before the conversation was taped on September 1, 1982.

MRE 801(d)(2)(E), which allows admissions and statements of coconspirators to be admissible against other conspirators, specifies that the admissions and statements must be made while the common scheme or plan of the conspiracy is still in effect. A statement made by a coconspirator is a post-conspiracy declaration, and hence inadmissible hearsay, where the statement was not made to advance the common objective and criminal purpose. *People v Trilck,* 374 Mich 118, 127-128; 132 NW2d 134 (1965).

There was no evidence elicited at trial which indicated that the conspiracy to receive and conceal stolen property was continuing when the conversation among Laymon, Roberts and Wawee was taped on September 1, 1982. The elements of the crime of conspiracy consist of (1) an agreement (2) to do something unlawful or to do something lawful in an unlawful way. *People v Braylock,* 118 Mich App 54, 56-57; 324 NW2d 530 (1982). In the

2 MRE 801(d)(2)(E) provides that a statement by a coconspirator of a party during the course and in furtherance of the conspiracy, on independent proof of the conspiracy, is not hearsay. The rule was promulgated after *Shepherd* and *Stewart* were decided, which accounts for the distinction between "a statement which is not hearsay" and "a statement which is an exception to the hearsay rule". This Court continues to use the *Shepherd* and *Stewart* language, notwithstanding citation to MRE 801. See *e.g., People v Hall,* 102 Mich App 483, 489; 301 NW2d 903 (1980).

instant case the conspiracy consisted of an agreement between Laymon, Roberts, Wawee and defendant that defendant would buy the stolen goods presented by Roberts and Laymon. The act of buying the stolen goods took place on May 25 and on June 14, 1982. According to Laymon's testimony, the contact he and Roberts had with defendant after approximately June 14 was unconnected to defendant's purchase of the stolen goods on May 24 and June 14, 1982.

To be certain, Laymon's and Roberts's participation in the conspiracy ended when they were arrested in July, 1982. *People v Beller,* 294 Mich 464, 469; 293 NW 720 (1940). The only evidence available at trial as to a continued conspiracy between Laymon, Roberts and Wawee, or any of them, and defendant, indicates that defendant and Wawee were concentrating on covering up evidence of the original conspiracy. Under *Grunewald v United States,* 353 US 391, 401-402; 77 S Ct 963; 1 L Ed 2d 931 (1957), these facts cannot be used alone as evidence that the original conspiracy is continuing.

The common enterprise of the conspiracy to receive and conceal the stolen property ended before September 1, 1982. The other acts between defendant and Wawee were aimed only at covering up the initial purchase. These facts are not enough on their own to constitute proof that concealment of the original purchase of the stolen goods was part of the initial agreement. Moreover, the taped conversation was not made to advance the common objective and criminal purpose. Because the conspiracy ended before the taped conversation was made, the transcript of the conversation was nothing more than hearsay and was inadmissible against defendant at trial. *Trilck, supra; People v*

*Johnson,* 103 Mich App 825; 303 NW2d 908 (1981), *lv den* 417 Mich 962 (1982).

The admission of the transcript of the taped conversation was reversible error. The trial of this case was largely a credibility contest between the people's witness and defendant's witnesses and defendant. Because the transcript contained certain statements made by Wawee, defendant's witness, from which the jury could infer defendant's knowledge that the goods were stolen at the time of purchase, and because the tape was made without Wawee's knowledge, it could have swayed the jury's decision. In fact, the transcript of the taped conversation was probably the best piece of evidence against defendant in light of the fact that the people's star witnesses were admitted coconspirators testifying only under a grant of immunity.

The case is, therefore, reversed and a new trial granted.