## PEOPLE v MATTHEWS

Docket No. 93900. Submitted April 9, 1987, at Lansing. Decided
September 21, 1987. Leave to appeal applied for.

Jerry L. Matthews was convicted of armed robbery following a
jury trial in Genesee Circuit Court. Defendant was charged as
the driver of the getaway vehicle in the robbery of a party
store. At trial, defendant requested the standard criminal jury
instructions on alibi and on alibi as a perfect defense. The
court, Judith Anne Fullerton, J., refused to give the requested
instructions, relying on the Use Notes for the instructions
which state that the instructions are not to be given where the
defendant is charged as an aider or abettor, or in similar
situations. The court also stated that, regardless of the Use
Notes, it would not give the requested perfect defense instruc-
tion, relying on an earlier Court of Appeals case which held
that the failure of a trial judge to instruct the jury on alibi as a
perfect defense constitutes harmless error when the jury is
properly instructed on alibi. Defendant appealed.

The Court of Appeals *held:*

1. The trial court erred in refusing to give the requested
instructions. The charge against defendant arose from his
involvement as the driver of the getaway vehicle; therefore, his
presence was an essential element of the people's case. Defen-
dant relied on an alibi defense, stating that he was somewhere
else at the time of the robbery.

2. The Court of Appeals case relied on by the trial court in
refusing to give the instruction on alibi as a perfect defense is
inapplicable here since the court refused to give either alibi
instruction.

3. The error in refusing to give the requested *instructions*
was harmless and does not require reversal of defendant's
conviction. The evidence against defendant was overwhelming,
and the jury was fully apprised of the defendant's defense. The
error complained of did not result in any miscarriage of justice.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 192 *et seq.*

Duty of court, in absence of specified request, to instruct on subject
of alibi. 72 ALR3d 547.

1. CRIMINAL LAW — DEFENSES — ALIBI.

A defendant is entitled to have the court instruct the jury on the defense of alibi unless the crime charged does not require the presence of the defendant at the time and place of its commission, as where the defendant is charged as an aider and abettor.

2. CRIMINAL LAW — CRIMINAL JURY INSTRUCTIONS.

The Michigan Criminal Jury Instructions do not have the official sanction of the Supreme Court; their use is not required, and trial courts should examine them carefully before use to ensure their accuracy and appropriateness in a given case.

3. CRIMINAL LAW — DEFENSES — ALIBI — JURY INSTRUCTIONS.

A jury instruction on the defense of alibi generally must be given when requested; however, no error requiring reversal occurs in the omission of a requested jury instruction where the charge as a whole covers the substance of the omitted instruction, fairly presents the issues to be tried, and sufficiently protects the rights of the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Terrance P. Sheehan,* for defendant on appeal.

Before: M. J. KELLY, P.J., and HOOD and E. F. OPPLIGER,* JJ.

E. F. OPPLIGER, J. This case arises from the armed robbery of a party store. Defendant was charged as the driver of the getaway vehicle. After a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to three to twenty years imprisonment. In his appeal as of right, defendant raises the single issue of whether the trial judge erred in refusing

* Circuit judge, sitting on the Court of Appeals by assignment.

to instruct the jury on alibi, CJI 7:2:01, and on alibi-perfect defense, CJI 7:2:02.

At approximately 9:15 P.M. on January 9, 1986, Jalal Abuaita was working at the Brown Street Market when a man wearing a ski mask and carrying a gun entered the store, demanded all the money in the cash register, and, after receiving the money, fled on foot. After waiting a moment, Abuaita ran outdoors and, seeing a car with three young men in it, told them that he had been robbed, pointed to the fleeing robber, and asked them to follow him. One of the passengers in the car, Tim Rourke, testified that he watched the robber run to a red pickup truck with a toolbox in the bed. The car in which Rourke was a passenger drove by the pickup truck just as the robber reached it and opened the passenger side door. By illumination provided by the truck's dome light, Rourke saw the driver, who later was identified as the defendant. Rourke also obtained five of the six numbers of the pickup truck's license plate number. He gave that information to the police.

Based on the partial license plate number, police went to an address on the outskirts of Flint where they found a red pickup truck with a toolbox in the bed and a ski mask on the seat. The five numbers provided by Rourke matched with the license plate on the truck. The sixth number was blocked by the truck's trailer hitch. Police officers knocked on the door of the residence, were granted permission to enter by the defendant's mother, and found the defendant hiding in a storage area on the second floor.

The defendant raised an alibi defense at trial, claiming that he was talking on the telephone with his girlfriend, Roberta Carter, during the time when the robbery occurred. Although defendant did not testify, his sister testified that, when

she and defendant's mother went to the store at approximately 9:10 P.M., defendant was talking with Carter. Carter testified that she talked with defendant from 9:00 to 9:30 P.M.

The trial judge denied defendant's request that the jury be instructed on alibi and alibi-perfect defense, CJI 7:2:01 and 7:2:02. The jury convicted defendant after deliberating for approximately one-half hour.

On appeal, defendant claims that the trial judge erred in denying defendant's request for the alibi jury instructions.

In denying defendant's request for the alibi instructions, the trial judge relied on the Use Notes for the instructions which state that they are not to be given "where the defendant is charged as an aider or abettor, or in similar situations." In addition, the trial judge stated that, regardless of the Use Notes, she would not give the perfect defense instruction, CJI 7:2:02, citing *People v Prophet,* 101 Mich App 618, 625-628; 300 NW2d 652 (1980).

We conclude that the trial judge erred in refusing defendant's requested alibi instructions. The Use Notes to the instructions, without providing any reasoning or authority, simply state that the instructions are not to be given when a defendant is charged as an aider or abettor. The Commentary to the instructions is silent as to the reasoning for the Use Notes. Nor is there any case law in which the Use Notes are discussed. However, from our review of other authorities, it appears that the Use Notes are based on the fact that an aider and abettor is not always physically present at the time when the crime for which he is charged is committed. *Tomlinson v United States,* 68 US App DC 106, 109; 93 F2d 652, 655-656 (1937). Thus, according to 75 Am Jur 2d, Trial, § 729, pp 656-

657, a defendant is entitled to have the court instruct the jury on the defense of alibi "unless the crime charged does not require the presence of the defendant at the time and place of its commission, as where he is charged as an aider and abettor." See also, 23A CJS, Criminal Law, § 1203, p 526.

Since the charge against defendant arose from his involvement as the driver of the getaway vehicle, his presence was an essential element of the people's case. Consequently, we conclude that the trial judge erred in refusing to give the alibi instructions, regardless of the Use Notes restriction for cases in which a defendant is charged as an aider and abettor.

It is appropriate to restate our Supreme Court's admonition in *People v Petrella,* 424 Mich 221, 277; 380 NW2d 11 (1985):

> [W]e remind the bench and bar once again that the Michigan Criminal Jury Instructions do not have the official sanction of this Court. Their use is not required, and trial judges are encouraged to examine them carefully before using them, in order to ensure their accuracy and appropriateness to the case at hand.

We also note that the trial judge erred to the extent that she relied on *People v Prophet, supra,* as an additional reason for refusing to give the alibi-perfect defense instruction, CJI 7:2:02. In *Prophet,* this Court held only that the failure of the trial judge to instruct the jury on CJI 7:2:02 constituted harmless error when the jury was properly instructed on CJI 7:2:01. *Prophet* is inapplicable since the trial judge in the instant case refused to give either alibi instruction.

Having concluded that the trial judge erred in

refusing to give the requested instructions, the next issue is whether the error requires reversal. We hold that it does not.

We are aware of the general rule that, when requested, an alibi instruction must be given. *People v McGinnis*, 402 Mich 343; 262 NW2d 669 (1978). Nonetheless, we conclude that the failure to give the requested instructions does not require reversal in the instant case for two reasons. First, the evidence against defendant was overwhelming. An eyewitness identified defendant as the getaway driver and obtained a thorough description of the pickup truck, including the fact that it was red and that it had a toolbox in the truck bed. The witness also obtained five of the six numbers of the truck's license plate. Police traced the license number to an address where they found a red truck with a toolbox in the bed whose license number matched the numbers provided by the eyewitness. Police entered the residence and ultimately found the defendant hiding in a storage area of the second floor.

Second, the jury was fully apprised of the defendant's defense. Defendant presented the testimony of his sister and his girlfriend that he was at home talking on the telephone at the time the robbery occurred. During closing argument, defense counsel argued that defendant was talking on the telephone at the time the robbery occurred and that, on the facts presented, the jury should infer that someone else was with the robber at the time of the robbery. In addition, the jury was instructed that the burden of proof rested with the prosecutor and that the prosecutor had to prove beyond a reasonable doubt that defendant "intentionally aided or abetted another in the commission of this crime by providing the getaway vehicle." Even though the instructions to a jury may be some-

what imperfect, there is no error if they " 'fairly presented to the jury the issue to be tried and sufficiently protected the rights of [the] defendant.' " *People v Bender,* 124 Mich App 571, 574-575; 335 NW2d 85 (1983), quoting *People v Kalder,* 284 Mich 235, 241-242; 279 NW 493 (1938). Since the jury convicted defendant, they necessarily rejected his alibi claim.

We find the error in the instant case harmless under MCR 2.613 and we decline to reverse under MCL 769.26; MSA 28.1096, as in our opinion, after an examination of the entire cause, it does not appear that the error complained of has resulted in any miscarriage of justice.

Affirmed.