# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 26, 2018

Plaintiff-Appellee,

v

No. 335387
Oakland Circuit Court
LC No. 2015-256304-FC

DAVID EMMANUEL WILLIAMS,

Defendant-Appellant.

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted by a jury of conspiracy to commit armed robbery, MCL 750.157a and MCL 750.529. The jury acquitted defendant of three counts of armed robbery, MCL 750.529. The trial court sentenced defendant to 70 months to 25 years' imprisonment. He appeals as of right, and we affirm.

Defendant's conviction arises from the robbery of a restaurant. The robbery was committed after the restaurant had closed for the evening, while three employees were still present. Defendant, who was previously employed at the restaurant, and two codefendants, Deahje Robinson and William Griffin, were each charged with three counts of armed robbery and one count of conspiracy to commit armed robbery. The prosecution theorized that defendant and Robinson had robbed the restaurant while wearing masks and wielding BB guns and a machete, and that Griffin had driven the vehicle to and from the robbery. Video footage from the restaurant's surveillance cameras, as well as surveillance video from the store where defendant and his codefendants purchased the masks and guns before the robbery, was presented at trial. Blood found on an envelope at the scene matched Robinson's DNA profile. Robinson and Griffin both entered into plea agreements, and Griffin testified for the prosecution, asserting that he drove the vehicle to and from the restaurant and that defendant and Robinson entered the restaurant and committed the robbery. Defendant testified on his own behalf, admitting that he was involved in purchasing the masks and BB guns, but denying that he had conspired to rob the restaurant or that he was directly involved in committing the robbery. Although defendant failed to provide a notice of alibi defense, MCL 768.20, he was able to present alibi testimony from his fiancée and his mother, which indicated that defendant was home with them during the time of the robbery. However, because defendant had not filed and served a notice of alibi defense, the trial court refused to give the jury the requested instruction on that subject, M Crim JI 7.4 – "Lack of Presence (Alibi)." But defendant was permitted to fully argue alibi in his closing

argument, and the trial court did not indicate to the jurors that they could not consider defendant's alibi defense. Indeed, although the jury convicted defendant of conspiracy to commit armed robbery, it acquitted him of the three counts of armed robbery, suggesting perhaps that the jurors may have believed the alibi claim.

On appeal, defendant contends that he was denied a fair trial because the trial court refused to give the jurors the alibi instruction and that trial counsel was ineffective for failing to file a pretrial notice of alibi defense. These arguments fail, considering that defendant simply cannot show the requisite prejudice, even assuming that the trial court erred in not instructing the jury on alibi.[1]

The three counts of armed robbery were charged on the basis of defendant's participation in the robbery at the restaurant; therefore, alibi testimony placing defendant elsewhere at the time of the robbery was a key part of the defense to those counts. The jury, however, which heard the alibi testimony and defendant's alibi argument, found defendant not guilty of the three armed robbery charges, so no prejudice was incurred with respect to those offenses. In regard to conspiracy to commit armed robbery, none of the elements of the crime required defendant's presence at the restaurant during the robbery. See *People v Atley*, 392 Mich 298, 310-311; 220 NW2d 465 (1974), overruled in part on other grounds by *People v Hardiman*, 466 Mich 417; 646 NW2d 158 (2002); *People v Ayoub*, 150 Mich App 150, 153; 387 NW2d 848 (1985); M Crim JI 10.1 (elements of conspiracy charge). In *People v Carter*, 415 Mich 558, 568-569; 330 NW2d 314 (1982), overruled in part on other grounds by *People v Robideau*, 419 Mich 458; 355 NW2d 592 (1984),[2] the Michigan Supreme Court explained:

> The gist of the offense of conspiracy lies in the unlawful agreement. The crime is complete upon formation of the agreement; in Michigan, it is not necessary to establish any overt act in furtherance of the conspiracy as a component of the crime. However, a twofold specific intent is required for conviction: intent to combine with others, and intent to accomplish the illegal objective.
>
> * * *
>
> It is a settled principle of black-letter law that conspiracy is a crime that is separate and distinct from the substantive crime that is its object. The guilt or innocence of a conspirator does not depend upon the accomplishment of the goals of the conspiracy. [Citations and quotation marks omitted.]

---

[1] We do note that our Supreme Court's decision in *People v McGinnis*, 402 Mich 343; 262 NW2d 669 (1978), would suggest that the trial court erred in the present case, but we have no need to reach that particular question.

[2] *Robideau* was subsequently overruled by *People v Smith*, 478 Mich 292; 733 NW2d 351 (2007), with respect to the proper double jeopardy analysis as to multiple punishments.

The Use Note to M Crim JI 7.4 (alibi instruction) provides that "[t]his instruction is not to be used when the defendant is charged under circumstances where his presence is not required at the time and place of the commission of the crime."

Although the prosecution relied in part on the asserted coordination of the perpetrators during the robbery as evidencing a conspiracy, the jurors evidently concluded that the prosecutor had not proven beyond a reasonable doubt that defendant aided and abetted or directly participated as a principal in the robbery. Thus, we surmise that the jury convicted defendant of the conspiracy charge on the basis of his statements to police about his codefendants' plans, along with defendant's admitted conduct prior to the robbery in assisting in the purchase of the masks and BB guns. Accordingly, an alibi instruction would not have been of benefit to defendant with respect to the conspiracy charge. We also reiterate that defendant was permitted to present alibi testimony and to argue alibi in his closing argument. Under these circumstances, defendant has failed to show that after examination of the entire record, it affirmatively appears that it is more probable than not that the assumed error in not instructing the jury on alibi was outcome determinative; there was no miscarriage of justice. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999), citing MCL 769.26 (requiring a miscarriage of justice to reverse on instructional error); see also *People v Matthews*, 163 Mich App 244, 249-250; 413 NW2d 755 (1987) (finding failure to give alibi instruction harmless because, in part, jury was fully apprised of alibi defense). Further, in the context of defendant's associated claim of ineffective assistance of counsel, assuming that trial counsel's performance was deficient in failing to provide a notice of alibi defense, defendant has failed to demonstrate the existence of a reasonable probability that, but for counsel's presumed error, the result of the proceeding would have been different. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). In sum, reversal is unwarranted.

Finally, defendant argues that the trial court erred by scoring offense variable (OV) 1, MCL 777.31, at 15 points. We disagree. With respect to our review of the trial court's scoring of the sentencing variables, our Supreme Court in *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017), observed:

> A trial court's factual determinations must be supported by a preponderance of the evidence and are reviewed for clear error. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [Citations and quotation marks omitted.]

OV 1 concerns the "aggravated use of a weapon," and 15 points are to be assessed when "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon." MCL 777.31(1)(c). "In multiple offender cases, if 1 offender is assessed points for the presence or use of a weapon, all offenders shall be assessed the same number of points." MCL 777.31(2)(b). At sentencing, the prosecution argued that the assessment of 15 points was appropriate because one of defendant's codefendants had been assessed 15 points and there was a sufficient evidentiary basis for scoring 15 points, given the employment of a gun and a knife or stabbing weapon, the

machete. The trial court, finding the trial testimony to be clear, agreed with the prosecution and assigned 15 points.

Defendant contends that, while a machete was used during the robbery, there was no testimony by any of the employee victims about having a reasonable apprehension of an immediate battery when threatened by the machete. However, one employee testified that toward the end of the robbery, he got underneath a desk and put a chair between himself and the robber with the green mask in order to protect himself from the machete. This testimony supported a finding that the employee had a reasonable apprehension of an immediate battery. Moreover, as defendant acknowledges, another employee testified that he was poked in the back with the machete. When asked whether the gun or machete was used in any way to put him in any type of fear, said employee testified that "[t]he machete was poked to my back when they were hurrying us inside." This testimony similarly established a reasonable apprehension of an immediate battery. Accordingly, the trial court did not err by assessing 15 points for OV 1.

Affirmed.

/s/ William B. Murphy
/s/ Amy Ronayne Krause